# Lower Macungie Township *versus* Merkhoffer.

1. Miners had excavated into the side of a road, making a precipitous bank; no guard was put up; a wagoner in driving along the road broke the bank; his wagon and team fell over and were injured. *Held*, to be negligence by the supervisors for which the township was liable.

2. It was not a defence that the driver by careful driving could have avoided the accident.

3. A highway must be kept in such repair that skittish animals may be employed without risk.

March 18th 1872.   Before THOMPSON, C. J., SHARSWOOD and WILLIAMS, JJ.   AGNEW, J., at Nisi Prius.

Error to the Court of Common Pleas of *Lehigh county:* No. 412, to January Term 1870.

This was an action on the case for negligence, brought to April Term 1868, by Philip Merkhoffer against The Township of Lower Macungie.

[*Lower Macungie Township v. Merkhoffer.*]

The cause of action was the loss by the plaintiff occasioned by his team and wagon having been precipitated into an excavation on the side of a public road, by which he lost a mule and had his harness and wagon injured. The road at the point where the injury occurred was about 23 feet wide; the excavation had been made by mining for ore by the Allentown Iron Company; there was no fence or other guard at the place of the excavation, and the road was there somewhat descending; in driving down the road the front wheel on the left or near side of the wagon sank into the ground near the edge of the bank which gave way; the wagon and team went over, and one of the mules was so badly injured as to be worthless. The plaintiff gave evidence also for the purpose of showing that the road at that point was in a dangerous condition.

There was evidence for the defendant that at the time the accident occurred, the driver, Schlicher, was behind the wagon, at the lock; that one of the mules was skittish, and being frightened at some cattle, shied as the wagon was passing the place where the accident happened; that the driver was not accustomed to driving, and the accident occurred by his negligence. They gave evidence also for the purpose of showing that the wagon and team belonged to the Allentown Iron Company, by whom the excavation into the side of the road had been made. It appeared that the team had belonged to the company; it had been sold to the plaintiff for $1700; he was to pay $50 per month till it was paid for; at the time of the accident he was hauling for the company, and had then paid $902 on account of the purchase-money.

The case was tried January 13th 1870, before Longaker, P. J. On the trial the defendant made the following offer of evidence:—

"That the Allentown Iron Company having an interest in this team, made this excavation, or caused it to be made, and that at the time of the accident the team was hauling ore for the company."

The court rejected the offer, and sealed a bill of exceptions.

The plaintiff submitted these points, both of which were affirmed:

1. If the injury to plaintiff's team were owing either to township's not maintaining road of sufficient breadth, or to improperly allowing excavation in road, or to neglect in not maintaining guards along such excavation, or to several or all of these causes combined, without proof of concurrent negligence on the part of the plaintiff or his employees, plaintiff would be entitled to a verdict.

2. Plaintiff would not be prevented from recovering by the injuries being caused by negligence of defendant, concurrently with the accidental fright of his team, unless ordinary care of plaintiff or his employees would have prevented injuries from such accidental frightening.

The following are points of the defendant with their answers:—

[Lower Macungie Township *v.* Merkhoffer.]

5. If the fact of the plaintiff's mules being in the habit of shying contributed to the accident, plaintiff cannot recover in the absence of proof, that plaintiff did not know of such vice and had had no reason to suppose that such vice existed, and that he was in no fault in not knowing it.

Answer: " I cannot affirm this point.    If the shying of the mule was an unavoidable accident and such as a reasonable foresight could not provide against, and the damage was occasioned by accident and not by negligence of the plaintiff, the plaintiff will be entitled to recover; where plaintiff knows such vice to exist, it is his duty to use ordinary care to provide against accident that may result therefrom."

6. If the jury believe that Schlicher did not manage the team with the skill required to drive a team such as he then had, the plaintiff cannot recover.

" Answered in the affirmative.    Unless you find that the damage was occasioned as the result of unavoidable accident on the part of the driver."

7. The plaintiff cannot recover unless he show affirmatively that the injury was caused wholly and exclusively by negligence on the part of defendant.

Answer: " The plaintiff must satisfy you from all the evidence in the cause that the damage was occasioned by no negligence of his own or his teamster; if plaintiff is free from negligence, and you find negligence on the part of the township, your verdict must be in favor of the plaintiff unless you find he had no property in the mules as bailee or a qualified purchaser."

The court charged: * * *

" The law has been declared by the Supreme Court, that ' an excavation in a street or road, made for a lawful purpose, must be fenced and lighted, and a dangerous bridge must be closed.'    [So here, if you find there was an ore-pit dug alongside of and into this road, so as to endanger the public travel, it was the duty of the supervisors to have filled it, and until it was filled up, they were bound to put up guards, or some suitable index to warn and notify the public, so that the traveller might protect himself from danger by using more than ordinary care.    The want of a guard or an index of warning will hold the township liable to negligence, if you find the fact, that the pit was dangerous to the public travel.]    [The fact that other teams were constantly passing along this road and with apparent safety, is a circumstance from which the plaintiff had the right to infer that he also could pass there with like safety] to his team, and in so doing he was bound only to exercise the ordinary care and diligence required to pass over the ordinary roads in that locality; unless you find that the teamster or the plaintiff knew this was a dangerous point,

[Lower Macungie Township v. Merkhoffer.]

which required more than ordinary care in order to avoid a tumbling into the pit while passing it. * * *

"The plaintiff had a right to drive a shying mule, but knowing of that vice, he must exercise greater care than would be required where the animals possess no such vice. [It would be a folly to declare the law to be that roads need not be so kept in repair as to avoid accident from the ordinary shying of horses. It is a matter of common information that horses will shy at different objects, and it therefore becomes the duty of the supervisors so to keep the roads, that teams will not be overset by this vice in horses, and if any damage be sustained from this source the result of unavoidable accident upon the part of the plaintiff, and caused by the negligence of the defendant, the defendant will be liable to respond in damages.] If therefore you find negligence upon the part of the defendant, and no negligence upon the part of the plaintiff or his teamster, your verdict must be for the plaintiff, otherwise for the defendant. * * *"

The verdict was for the plaintiff for $422.81.

The defendant removed the record to the Supreme Court.

The assignments of error were :—

1, 2. Affirming plaintiff's points.

3, 4, 5. Not affirming defendant's 5th, 6th and 7th points.

6, 7, 8. The parts of the charge in brackets.

9. Rejecting defendant's offer of evidence.

*E. Albright* and *J. D. Stiles*, for plaintiff in error.—If the shying of the mule contributed to the injury, unless the plaintiff used more than ordinary care, he cannot recover : 2 Hilliard on Torts 403. A township is not liable for the neglect of supervisors : Yealy v. Fink, 7 Wright 212 ; White v. Phillipston, 10 Met. 108 ; Riddle v. Proprietors of The Locks and Canals, 7 Mass. 187 ; Mower v. Leicester, 9 Id. 247 ; Biglow v. Randolph, 14 Gray 541 ; Angell & Ames on Corp., §§ 23, 24, 35, 629 ; Fowle v. Alexandria, 3 Pet. 409 ; 2 Kent's Com. 221 ; Merchants' Bank v. Cook, 4 Pick. 405 ; Russell v. Devon, 2 T. R. 667 ; Hawkes v. Kennebeck, 7 Mass. 462 ; Brewer v. New Gloucester, 14 Id. 216 ; Adams v. Wiscasset Bank, 1 Greenl. 361.

*F. A. R. Baldwin* and *C. M. Runk*, for defendant in error, as to liability of municipal corporations for injuries from defective highways, cited Humphreys v. Armstrong Co., 6 P. F. Smith 209 ; 2 Hilliard on Torts 403–405 ; Palmer v. Andover, 2 Cush. 600 ; Howard v. N. Bridgewater, 16 Pick. 189 ; Dean v. New Milford, 5 W. & S. 545 ; Act of June 13th 1836, Pamph. L. 556, 2 Br. Purd. 1276, pl. 43.

The judgment of the court was entered March 25th 1872.

[Lower Macungie Township *v.* Merkhoffer.]

PER CURIAM.—We have considered the bills of exception in this case, and find them free of error. That the township was answerable in its corporate capacity for the injury complained of in this case, in the absence of satisfying proof of negligence on part of the plaintiff, is a well settled rule in this state. The finding of the jury has acquitted him of that, and he was consequently entitled to a recovery compensating his injury. It was not a defence to the township to show that by careful driving accident might have been avoided at the place in question. That would fall far short of what is the purpose of a public highway. It must be kept in such repair that even *skittish* animals may be employed without risk of danger on it, by reason of the condition of the road. The law provides the means for repairing the roads, and if it be not done, and injury ensue, it would be wrong that individuals should suffer for the default of the public officers. The law does not cast this burthen upon them. The testimony rejected, and of which the last assignment of error is predicated, is not sustained.

Judgment is therefore affirmed.