## TOWNSHIP OF PLYMOUTH v. L. K. GRAVER.

ERROR TO THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY.

Argued February 4, 1889—Decided March 25, 1889.

[To be reported.]

1. Whenever a highway is from any cause rendered so unsafe as to put the traveler upon it in peril, it is the duty of the township to do whatever is practicable and reasonable, under all the circumstances, to render it safe, and the facts in each case are to be submitted to the judgment and experience of the jury.

2. It matters not whether the danger arises from an imperfection in the road itself, from an excavation in it outside the traveled route, from the existence of a declivity or a stream of water at the roadside, or from a railroad upon which locomotives and trains are accustomed

to pass; if the road is rendered a place of peril, the township is held to do whatever is reasonably practicable to avert the danger threatened.

3. Where a township road ran for a distance parallel with and immediately adjacent to a railroad, with no fence or barrier between them, and a traveler's horse became unmanageable by fright at a passing train, and was struck by the train and killed, whether the place was a place of peril and the township was negligent in failing to erect a fence or barrier, were questions of fact, under all the circumstances, for the jury.

4. In such case, if the liability of the township for the injury is found, while the plaintiff is not entitled to interest, eo nomine, upon the amount of damages ascertained, yet the jury may properly consider the time that has elapsed since the injury was received, in fixing upon the amount of the verdict they should return.*

Before Paxson, C. J., Sterrett, Green, Clark, McCollum and Mitchell, JJ.

No. 277 January Term 1888, Sup. Ct.; court below, No. 46 September Term 1882, C. P.

On July 8, 1882, Lewis K. Graver, trading as L. K. Graver & Co., brought an action in case against Plymouth township to recover damages for the loss of a horse, struck and killed by a train of the Plymouth Railroad Company. The cause was put at issue on March 8, 1884, by the plea of not guilty.

At the trial on September 26, 1887, the facts shown were in substance as follows:

A public highway starts at Ridge avenue and runs parallel with the Plymouth Railroad Company's line to Germantown avenue, a distance of a little over half a mile. At some points the wagon track and the iron rails of the railroad track are not over fourteen feet apart. Part of the distance the highway is about on a grade with the railroad track. For perhaps half a mile there was no fence or barrier between the railroad and the highway, and from the railroad across to the fence on the far side of the highway the distance was about thirty-six feet.

On March 15, 1882, an employee of the plaintiff was driving a cart with two horses, one in the lead and one in the shafts. A train left Plymouth station, but instead of stopping to take on lime at a certain place as was expected, it came on past the

---

* See Penn. S. V. R. Co. v. Ziemer, 124 Pa. 560.

kiln.   When he saw the cars coming, the driver got out of the
cart and took hold of the horse at his head.   He could have
turned and driven the other way, but he judged the cars would
have caught him before he got away and he would then be in
a worse position.   The driver was on the left side of the horse
holding to him, when, after the first cars had passed, the horse
became unmanageable and plunging from side to side was
struck by another car near the middle of the train and instantly
killed.

There was testimony on the part of the defendant that when
the driver first observed the approaching train he was warned
that he had better not proceed until the train passed, but he
drove on.

The court, SWARTZ, J., charged the jury and answered the
points presented as follows:

Lewis K. Graver, trading as L. K. Graver & Co., brought
suit against the township of Plymouth to recover the value of
a horse.   The plaintiff claims that this horse was killed by rea-
son of the negligence of the township of Plymouth, through its
supervisors; that they failed to keep a certain public road in
safe condition, and by reason of their negligence this horse got
upon the railroad tracks and was killed.   The first matter for
you to inquire into is, was there any negligence here on the
part of the township in its failure to provide a barrier or pro-
tection on the side of this public road?   Negligence is the want
of care according to the circumstances.   Therefore you will
have to take all the circumstances and all the facts into con-
sideration, to determine whether it was negligence on the part
of the township when they failed to provide barriers or protec-
tion on the side of this road.   It might be, that if there was a
wide road here the failure to provide a barrier would not be
negligence; and it may be that the road as it was, was not neg-
ligently kept.   It is entirely for you to say whether a road such
as you shall find this to be, after you have examined the facts,
required a barrier or protection on the side to protect the pub-
lic in its use.   I will leave that to you, whether you shall find
that under all the facts and circumstances in this case, a barrier,
or some other protection, was necessary to protect the public in
the use of this highway.

Charge of Court below.

If you find there was no negligence on the part of the defendant, that ends the case, because if you find it was not necessary to have such a barrier there, that is the end of the case. If, however, you find there was negligence in their failure to keep a barrier there, then the next question for you to determine will be, did the plaintiff in any way contribute to the accident? Was he guilty of contributory negligence? He would be guilty of contributory negligence if he did anything that he ought not to have done, which helped to bring about the accident. Therefore, again, you will look at all the facts and circumstances in the case to see whether the plaintiff, by his driver or agent, did anything in this case that he ought not to have done, that helped to bring about the accident. Of course it will depend somewhat upon the character of this horse; the temper, disposition or qualities, that you may find that this horse had. Because if a horse is ungovernable, or is very much afraid of the cars, it would be the duty of his owner, in driving him on a public highway, if he knows of a dangerous place, to avoid that place, or at least to take the best precautions, under the circumstances, to prevent any accident happening to him. Therefore, if you find that this was a horse that was given to fright, that was afraid of the railroad, you will say whether the driver was guilty of any contributory negligence when he failed to make such provision, in passing down that road, so as not to pass that point when the cars were by, if you find he could do so in this case.

You will remember the testimony. He says he was up some distance from the point where the accident occurred, and he knew of the railroad cars being down by Graver's, and he says that he thought that while they were shifting there he could pass down before the cars could reach him. And he also says that the horse was not subject to fright from the cars; "not much," I believe he says. Mr. Graver says, "The horse was safe when at an ordinary distance from the train, but when only ten feet from a locomotive it takes a very good horse to stand the puffing and blowing. If this horse had been one hundred and fifty feet away I do not think he would have frightened much." You will remember that testimony, and also the testimony of the witnesses on the part of the defendant, as to whether the disposition and character of this horse were such as made it

Charge of Court below.

necessary for the driver to take any special precautions in passing this place. If he failed to take those precautions, when he had the opportunity to take them, and they were necessary, then he would be guilty of contributory negligence.

There is still another question. Even if you should find that the township was guilty of negligence, and that the driver was not guilty of contributory negligence, before the plaintiff can recover. you must find that the failure to provide this barrier was the cause of the killing of the horse. You must find that that was the proximate cause which brought about the killing of this horse. If you find that it was not the want of a barrier, that a barrier itself would not have prevented the accident, but that there was some other fact coming in which brought about this accident, then the verdict should be for the defendant.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

The plaintiff requests me to charge you as follows:

1. That the want of a guard rail or fence, at the place where the accident occurred, is negligence per se, and the plaintiff, in the absence of contributory negligence, is entitled to recover.

Answer: This is refused. It is for you to say whether, under all the circumstances, it was negligence not to provide a barrier or some protection on the side of this road.

2. That the township is bound so to guard its road that even a skittish horse may be driven along the same with safety.

Answer: This is true. They must provide a road not only for family horses that can be driven right up against the cars and not frighten, but even for a skittish horse, one that will shy; such horses as are ordinarily used in public travel.

3. That there is no evidence of contributory negligence. That the driver was not bound to turn back, but had the right to go on.

Answer: This is refused. It is for you to say, under all the facts, whether the driver failed to take any precaution that he ought to have taken to avoid this accident, and that will depend very much upon what you find the qualities or character of this horse to have been. If he was simply a skittish horse, he would not have to take the same precaution as if he was a horse more given to fright from the railroad cars; one that could not be driven within a short distance of the railroad cars without being very much frightened and becoming unmanageable.

Charge of Court below.

4. That the driver held on to the team, and did all in his power to prevent an accident.

Answer: This is refused. It is a matter for you. One of the witnesses, Mrs. Spielhoffer, says she saw the driver all the time, and she failed to see him have hold of the horse's head. Other witnesses for the plaintiff, and some of the defendant's positively swear that they saw the driver have hold of his head. It is a question for the jury.

5. That under all the evidence in the case the plaintiff is entitled to recover the value of the horse killed, with interest from the date of the injury, to wit, from March 15, 1882, at the rate of six per cent, to the date of the verdict.

Answer: This is refused. It is for you to say whether under all the evidence he is entitled to recover. If you find he is entitled to recover the value of his horse, of course you will allow him interest at six per cent from the time the horse was killed.[5]

The defendant requests me to charge you as follows:

1. If the public road was of the usual and proper width, free from obstruction, and not in the vicinity of deep precipices, the township is not liable for accidents caused by horses that have broken away, or are not under the control of their driver.

Answer: This is refused, unless the horse spoken of was an unbroken or vicious animal, and not a safe horse to drive along the public road. In that case, of course it would be true.

2. If the jury find from the testimony, that the road was otherwise in good repair, the mere absence of a barrier is not negligence on the part of the defendant.

Answer: This is refused. It is for you to say whether, if the road was in good repair otherwise, that a barrier was necessary.

3. If the accident was caused by the horse taking fright from any cause other than an obstruction or defect in the highway, and he was killed by the locomotive after leaving the public road, the plaintiff cannot recover.

Answer: This is refused.[1]

4. That the absence of a railing or barrier must have been the proximate or direct cause of the accident to entitle the plaintiff to recover, and that in determining what is proximately the cause, the true rule is, that the injury must be the natural

and probable consequence of the neglect, such an accident as might and ought to have been foreseen by the supervisors as likely to follow from their act.

Answer : This is affirmed.

· 5. It being the admitted fact in this case, that the horse was killed, not on the township road, but on the Plymouth railroad by a moving locomotive not owned and controlled by the township, which ran upon and killed it, the negligence of the township, if any, was not the proximate but the remote cause of the killing of the horse, and the plaintiff cannot recover its value in this action.

Answer : This is refused.[2]

6. If the township road does not abut on the railroad, the defendants were under no obligation to fence their road.

Answer : This is refused.  It will be for you to say whether there was any negligence in not fencing it.

10. To justify a verdict for the plaintiff in this case, it must be conclusively shown to the jury by the evidence in the case, that the injury arose solely from the want of a fence or barrier, and not from any negligence of the railroad company.

Answer : This is refused ; but we say to you that this point does not arise in this case.   There is no evidence at all to show that there was any negligence on the part of the railroad company.

11.. The evidence shows contributory negligence on the part of the plaintiff's servant, and he cannot therefore recover.

Answer : This is refused.   It is for you to say whether the driver, the plaintiff's servant, showed any negligence in his conduct in the matter.[3]

The jury returned a verdict for the plaintiff for $265.   Judgment having been entered, the defendant took this writ, assigning as error:

1–3. The answers to the defendant's points.[1 to 3]

5. The answer to plaintiff's 5th point.[5]

*Mr. Chas. S. Stinson,* for the plaintiff in error:

1. Can it be said that the authorities of a town or township are guilty of negligence in not fencing a railroad which runs parallel with a public road, where no defects exist in or along

such public road? We know of no law or practice requiring such a thing to be done. The cases fully sustain the view that there was no such duty imposed upon the township, as there was nothing in or about the public road which was the proximate cause of the accident, but it happened from something outside and beyond, over which the township had no control.

2. A township is not an insurer against all defects or obstructions, latent as well as patent: Otto Tp. v. Wolf, 106 Pa. 608. The only duty imposed upon township officers is to make their road safe for usual and ordinary travel. They are not chargeable with damages from extraordinary accidents which may happen, and which reasonable skill and care would not be required to guard against: Bishop v. Schuylkill Tp., 20 W. N. 105; Pass. Ry. Co. v. Trich, 117 Pa. 390. The immediate and not the remote cause is to be considered: Hoag v. Railroad Co., 85 Pa. 293; West Mahanoy Tp. v. Watson, 112 Pa. 574; Penn. R. Co. v. Kerr, 62 Pa. 353; Penn. R. Co. v. Hope, 80 Pa. 373; Bunting v. Railroad Co., 118 Pa. 204. "If the accident was produced by an intervening and independent cause for which the defendant was not responsible, that too would relieve the defendant from liability:" Chartiers Tp. v. Phillips, 122 Pa. 601.

3. If the driver had remained where he was cautioned to stay and heard the train approaching, the accident would not have occurred; nor would it have occurred had he left the horse where it first rushed to the opposite side of the road. By forcing it back into the road, he did that which was the remote cause of the accident. This contributory negligence of itself was sufficient to discharge the defendant from all liability: Monongahela City v. Fischer, 111 Pa. 9; Oil City F. S. Co. v. Boundy, 122 Pa. 449; Chartiers Tp. v. Phillips, 122 Pa. 601. Moreover, "it is error to instruct the jury to allow interest on the damages from the date of the accident, to the date of the verdict:" Pittsb. South. Ry. Co. v. Taylor, 104 Pa. 306.

*Mr. Chas. Hunsicker*, for the defendant in error:

1. It is the duty of a municipality to keep the approaches to dangerous places on its streets so guarded as to protect travelers. It must keep its streets in such order that even skittish horses may be employed without danger: Pittston Borough v.

Hart, 89 Pa. 389. If a road is so dangerous, by reason of its proximity to a precipice, or any other cause, that common prudence requires extra precaution in order to insure safety to travelers, the municipal authorities are bound to use such precaution: Hey v. Philadelphia, 81 Pa. 44. To the same effect are Newlin Tp. v. Davis, 77 Pa. 317; Scranton City v. Dean, 2 W. N. 467; Erie City v. Schwingle, 72 Pa. 385. That the want of the guard rail was the proximate cause of the accident is also shown by the cases cited.

2. The same justice delivering the opinion in Pittsb. South. Ry. Co. v. Taylor, 104 Pa. 306, delivered the opinion in Allegheny City v. Campbell, 107 Pa. 530, holding that interest was recoverable as part of the damages, and that the reason why interest could not be recovered in Weir v. Allegheny County, 95 Pa. 415, was because that suit was brought on a statute which allowed no interest. This action is at common law, and the value of the property destroyed and interest from its destruction is the only adequate remedy of the plaintiff.

OPINION, MR. JUSTICE CLARK:

The duties of the supervisors, in the opening and repair of the public roads, are defined by statute. The sixth section of the act of 1836 provides, that the public roads shall be effectually opened and constantly kept in repair, and at all seasons shall be kept clear of all impediments to easy and convenient passing and traveling, at the expense of the township, as the law shall direct. For any wilful or wanton failure to discharge these duties, the supervisors are personally liable, and the township is responsible in damages to those who suffer injury from their neglect: Dean v. New Milford Tp., 5 W. & S. 545. The liability of the township is commensurate with the duty, and hence in each case the inquiry is as to the extent of the duty enjoined by law.

The degree of care which is required of road supervisors has no exact legal standard; the law does not impose any absolute liability for every insufficiency of a road, or for every impediment to easy and convenient travel; they are required to do what is practicable to be done, and to preserve a reasonable condition of safety, with reference to the kind of road, its peculiar location, its adjacency to places of peril, and the

amount and kind of travel it accommodates. It may be said, generally, that they are bound for reasonable and ordinary care, according to the circumstances. Where no danger may be anticipated, or the peril is but slight, a less degree of vigilance will suffice, than where the danger is manifest: Turnpike Co. v. Railroad Co., 54 Pa. 350. The object of a public road is to afford an easy, convenient, and reasonably safe means of passage for persons traveling thereon, with horses, wagons, etc., and the duty of the supervisor is, as far as practicable, to do what is reasonably necessary to secure that object.

It is contended, that the road in question in this case was, at the time of the occurrence complained of, in good repair; that it was in no way obstructed, and that as the horse took fright at the locomotive, and was killed by the cars, outside of the limits of the road, the township cannot be held for the consequences. But, granting that there was no physical obstruction or defect in the road, was there any other impediment to easy and convenient travel upon it? It is said that the passage over it with horses and wagons was not safe; that it was located along and immediately adjacent to the track of the railroad, and that the effect of the passage of locomotives and cars on the railroad, at high rates of speed, in such near proximity to the road, was to frighten horses, in many cases to make them unmanageable, and that, in the absence of barriers erected for the protection of the public, the place was so dangerous that travelers were exposed to the utmost peril. It is argued that as there was a fence along the road, on the farther side from the railroad, and none between the road and the railroad, a horse, in attempting to escape from the object of its fright, was liable to turn on to the railroad, and that, anticipating the results likely to ensue, it was the duty of the supervisors to erect suitable barriers between the road and the railroad at this point.

It is certainly true, as a general rule, that the supervisors are in no way responsible for the condition of the surface of the land outside the limits of the road, nor are they bound to fence the road merely to prevent the traveler from straying out of the path; but they are liable for injuries to a traveler on the road, caused jointly by a defect in the road, and a defect in the adjoining premises, provided of course the defect in the

road was the proximate cause of the injury: Burrell Tp. v. Uncapher, 117 Pa. 353 ; Shear. & Redf. on Negligence, 347. It is equally true, that supervisors are not bound to furnish roads upon which it will be safe for horses to run away. They are bound, however, to furnish roads that are reasonably safe ; if they do not, and a traveler is injured, in consequence of culpable defects therein, it is no defence that the horse, at the exact time of the injury, was running away, or was beyond his control: Ring v. Cohoes, 77 N. Y. 83 (33 Am. Rep. 574) ; Shear. & Redf. on Negligence, 346, and cases there cited.

There may be such a state of things, however, at a particular place, as will require the erection of a barrier, in order to secure a reasonable degree of safety for public travel. In Lower Macungie Tp. v. Merkhoffer, 71 Pa. 276, there was a precipitous bank in the roadside, caused by an excavation made in mining, and, although the road was wide enough, under ordinary circumstances, and was otherwise in good repair, it was held as matter of law to be the duty of the supervisors to guard against danger, by erecting a barrier along the margin of the road, so that persons might not, in the night time or by the fright or shying of a horse, be thrown over the bank.

In general, however, whether a dangerous place, not within the highway but adjacent to, or near it, is so near as to make travel unsafe, is a matter for the jury: Warner v. Holyoke, 112 Mass. 362. The question is, whether or not the dangerous place is in such close proximity to the highway, as traveled and used, as to render the use of the highway unsafe. The decision of such a question is most appropriately made by submission of it to the practical judgment and experience of a jury upon a consideration of all the proofs respecting it. This rule as applied to bridges is illustrated in the case of Newlin Tp. v. Davis, 77 Pa. 317. In that case, the negligence alleged was the failure of the road supervisors to provide barriers or side rails to a bridge across the Brandywine. The bridge formed part of the public road ; there were no side rails ; and the evidence showed that whilst the horse was being driven across the bridge, he frightened at a piece of plank nailed over a hole in the floor, commenced backing and, before he could be prevented, backed over the bridge into the creek, and the horse, harness and carriage were injured. The question of negli-

gence was submitted to the jury, under instructions that it was the duty of the township to keep the bridge as safe, considering all the circumstances, as it was reasonably practicable to make it, and that it was for them to decide, whether the bridge was defective or not, in not having been provided with railings : the jury found for the plaintiff, and compensated him for the injury.

In Burrell Tp. v. Uncapher, 117 Pa. 353, a horse and wagon were being driven down a hillside road. At the right side of the road coming down the grade was a steep declivity, unguarded by barriers. Arriving at a point near the foot of the hill, the horse suddenly took fright at a steam thresher standing at the roadside, and sprang to the right, partly over the declivity ; becoming altogether unmanageable, he made a second plunge, and went over the precipice, upturning the wagon, and injuring the persons therein. The opinion of the court in that case was delivered by our brother GREEN, who said : " The immediately producing cause of the accident, in the present case, was the unguarded condition of the roadside at the place where the accident occurred. If that unguarded condition of the roadside was an act of negligence on the part of the defendant, it follows that the defendant is responsible. Whether it was negligence to maintain the road, at the place in question, without some kind of protection, was a question of pure fact, which it was the province of the jury alone to determine," etc.

The case of Hey v. Philadelphia, 81 Pa. 44, is, we think, identical in principle with the case now under consideration. The action was brought against the city for negligence in not sufficiently guarding one of the roads in the public park, by reason of which, the plaintiff's horse, being frightened at a passing railroad train, fell into the Schuylkill and was drowned. The road was wide and level and contained no obstruction ; the stream was on one side and a high bank of rocks on the other ; the only defect alleged was that there was no guard erected between the road and the river. The court below submitted the question of negligence to the jury who found for the plaintiff, but, upon a point reserved, judgment was afterwards entered for the defendant, non obstante veredicto. The learned judge below was of opinion that the fright and breaking away

of the horse was the immediate cause of the disaster, but this court took a different view of the case, and held that the negligence of the city in not providing a barrier, as found by the jury, was the proximate cause. "If the road is so dangerous," said Mr. Justice GORDON, in the opinion, "by reason of its proximity to a precipice, or any other cause, that common prudence requires extra precaution in order to insure the safety of the traveling public, why shall not the authorities be bound to such precaution?"

When the alleged impediment is a dangerous place outside the highway limits, the questions for the jury are, first, whether it is in such close proximity to the road as to render the highway unsafe for travel, and if so, second, whether the road supervisors have done what was reasonable and practicable, to guard against the danger. The place of danger, if not in the road, must be contiguous to it, or in such proximity as that the danger is practically the same as if it were contiguous.

In the present case, it is conceded that the railroad adjoins the public road; there was no space or barrier between them. The jury has found that it was a place of danger, and that the supervisors were negligent in failing to provide a reasonable protection to travelers against that danger. These as we understand the case, were proper questions for the jury, and we are concluded by the verdict.

It is contended, that if this be so, the supervisors of roads will be held to erect barriers at all points throughout the state where the public roads are adjacent to, or parallel with, and in close proximity to, railroads. There is no such provision in the law; but it certainly is the law, and it has always been so understood, that whenever a public road is from any cause rendered so unsafe as to put the traveler in peril of his life, it is the duty of the supervisors to do what is practicable and reasonable, under all the circumstances, to render it safe; and the facts, in each case, should be submitted to the judgment and experience of the jury. It matters not, we think, whether the danger arises from an imperfection in the road itself, or from an excavation in it outside the traveled route, or from the existence of a declivity or stream of water at the roadside, or from a railroad upon which locomotives and trains of cars are accustomed to pass, if there is a concurrence of circumstances which render

the road a place of peril and danger to the traveler, the township is held to do whatever is reasonable and practicable to avert the danger which threatens.

We do not say that they are bound to make the road a safe one ; that in many cases would be impracticable. They are bound simply to the exercise of common prudence and of ordinary care and diligence, to that end. The jury, upon a consideration of the whole case, has found that the supervisors did not exercise that care and diligence which they should have exercised under the circumstances, and the question, as we have said, was for the jury. If the absence of barriers was a defect in the road, that defect was the proximate cause of the injury. " Negligence may be the proximate cause of an injury, of which it is not the sole or immediate cause. If the defendant's negligence concurred with some other event, other than the plaintiff's fault, to produce the plaintiff's injury, so that it clearly appears that but for such negligence the injury would not have happened, and both circumstances are closely connected with the injury, in the order of events, the defendant is responsible, even though his negligent act was not the nearest cause in the order of time: Shear. & Redf. on Negligence, 10. See also Burrell Tp. v. Uncapher, supra.

The question of contributory negligence was rightly submitted to the jury, and their finding relieves us from any consideration of that question.

It is true the plaintiff was not entitled to interest, as such, upon the value of his horse, but in computing the amount of the damages the jury may consider the time which has elapsed since the injury was received. There is some conflict in the cases: Pittsburgh Ry. Co. v. Taylor, 104 Pa. 306 ; Allegheny v. Campbell, 107 Pa. 530 ; but this we think is the rule generally recognized. The instruction of the court, in this respect, was perhaps not strictly accurate, but the verdict was small and the amount of the interest unimportant. We do not feel that we should disturb the judgment on that ground.

The judgment is affirmed.