# GEORGE  W.  SUTTER  v.  YOUNG  TOWNSHIP.

APPEAL  BY  THE  DEFENDANT  FROM  THE  COURT  OF  COMMON
PLEAS  OF  JEFFERSON  COUNTY.

Argued October 8, 1889—Decided November 4, 1889.

Where, in an action against a township for negligence, there was evidence
    that, with notice to the supervisors, a rut, twelve to fourteen inches
    deep and a rod or so long, was permitted to continue for a long time in
    a public road but ten feet wide cut upon a hillside, and at a point where
    there was a down grade and the road was sloping towards the lower
    bank, whereby the plaintiff's sled loaded with boards was overturned
    and himself injured, without contributory negligence on his part, it was
    not error to submit the question of negligence on the part of the defend-
    ant to the jury: Plymouth Tp. v. Graver, 125 Pa. 24, distinguished.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WIL-
LIAMS, McCOLLUM and MITCHELL, JJ.

No. 52 October Term 1889, Sup. Ct.; court below, No. 161
May Term 1887, C. P.

On April 11, 1887, George W. Sutter brought case against Young township to recover damages for an injury received by him while driving over one of the public roads in said township. Issue.

At the trial on December 19, 1886, before WILSON, P. J., the plaintiff introduced evidence to show that on December 18, 1886, while driving over a public road, with two horses and a sled loaded with boards, the sled was overturned and the plaintiff thrown over a bank, with the load of boards upon him, whereby he was seriously injured. The condition of the road at the point where the accident occurred is fully described in the opinion of the Supreme Court.

The defendant requested the court to charge:

8. That under all the evidence in this case the verdict of the jury should be for the defendant.

Answer: This point is refused. It assumes there are no facts that ought to be left to the jury, and that it is a question of law for the court to say to the jury that there can be no recovery. If the court were to do that, it would be a reversible error, and the facts are left to the jury.

The jury returned a verdict in favor of the plaintiff for $1,200. A rule for a new trial having been discharged, judgment was entered on the verdict, when the defendant took this writ, assigning as the sole ground of error the answer to defendant's said point.

*Mr. H. Clay Campbell* (with him *Mr. W. M. Fairman, Mr. I. G. Gordon* and *Mr. C. Z. Gordon*), for the appellant.

Counsel cited: Dillon on Mun. Corp., 1019–20; Shear. & Redf. on Neg., §§ 147, 407; Otto Tp. v. Wolf, 106 Pa. 608; Rapho Tp. v. Moore, 68 Pa. 404; Beatty v. Gilmore, 16 Pa. 463; Pittsb. etc. Ry. Co. v. Taylor, 104 Pa. 306; Delaware etc. R. Co. v. Cadow, 120 Pa. 559; Chartiers Tp. v. Phillips, 122 Pa. 601; Lancaster City v. Kissinger, 11 W. N. 151.

*Mr. Charles Corbet* and *Mr. J. E. Calderwood* (with them *Mr. R. C. Winslow*), for the appellee.

Counsel cited: (1) Elkins v. Insurance Co., 113 Pa. 386; School Fur. Co. v. School D., 122 Pa. 502; Howard Express Co. v. Wile, 64 Pa. 201; Longenecker v. Railroad Co., 105

Pa. 328.    (2) Altoona City v. Lotz, 114 Pa. 238; Millcreek Tp.
v. Perry, 20 W. N. 359; Kingston Tp. v. Gibbons, 18 W. N.
334.    (3) Beach on Cont. Neg., § 77 ; Wharton on Neg., § 403;
Penna. R. Co. v. Coon, 111 Pa. 430 ; Schum v. Penna. R. Co.,
107 Pa. 8 ; Delaware & H. Canal Co. v. Webster, 18 W. N.
339 ; Pottstown Iron Co. v. Fanning, 114 Pa. 234 ; Jackson
Tp. v. Wagner, 127 Pa. 184 ; Plymouth Tp. v. Graver, 125
Pa. 24.

OPINION, MR. JUSTICE MITCHELL :

Several of the plaintiff's points, which were affirmed without
qualification, stated the law rather heavily against the township;
but the latter apparently relied on its own points for a correc-
tive, and they were substantially affirmed, with the exception
of the eighth.    We may assume therefore that, on the whole,
the jury were satisfactorily instructed, and we have to consider
only the single assignment of error, that the court should have
affirmed the eighth point, and directed a verdict for the defend-
ant.

This has required a careful examination of the whole evi-
dence in the case, but we do not think it necessary to review it
in detail.    Assuming, as we must, where the judge is asked to
decide the evidence insufficient as a matter of law, that the jury
believed the witnesses for the plaintiff, they established the
following facts in relation to the accident: The road was not
opened of its full legal width of thirty-three feet at the point
in question, but was about one third that width, and cut into
the hillside, so that on the left of the plaintiff, as he was driv-
ing, was a rising bank, and on his right a slope downwards
to a fence, some five or six feet distant.    The steepness of this
slope was variously estimated by the witnesses, but none of
them make the entire fall from the edge of the road to the fence
more than three feet.    Hugus, a witness for plaintiff, says it
was two feet, and Henry Smith, another witness for plaintiff,
puts it at fifteen to eighteen inches.    Hackendorn, the surveyor,
makes it considerably less even than that.    It was not, there-
fore, inherently a place of peril, and did not at all come within
the class of localities to which the principles of Plymouth Tp.
v. Graver, 125 Pa. 24, apply.    Had the point been separately
made, we should have been obliged to hold that it was error to

allow the jury to find that the mere absence of a guard-rail or log at such a point was negligence in the supervisors.

The grade of the road at the point of the accident was down hill to the front, and sloping somewhat, or "sidling," as the witnesses call it, to the right; and along or near the middle of the traveled portion was a rut, fixed by all the witnesses at twelve to fourteen inches in depth, cut into the road by the locking of the wheels in descending the hill. This rut extended a rod or so, along or near the middle of the road, but curving outwardly a little as it descended, so that at its lower end it approached the outside or sloping bank beyond the road itself. Its existence is the substantial negligence charged and proved in the case. All the witnesses concur that it was in such position that it could not well be straddled, and that the best and usual way was to go inside of it, so that the right runner of the sled in descending the hill should travel in it. This, of course, threw the left runner well up on the left side of the road towards the rising bank, and the road being highest there, and sidling anyhow, made the levels of the two runners so unequal that the plaintiff, hauling a load of lumber, had his sled overturned, and himself thrown down the bank, and injured by the lumber falling on him. The evidence leaves no doubt that such an accident might occur, and the jury found that it did occur without contributory negligence of the plaintiff. The rut was therefore a possible source of danger at all times, and a probable one in icy weather, as it was at the time of this accident. There was ample evidence of notice to the supervisors. Phillip Sutter testified that the rut had been there since the summer. Hugus saw it there for a month, and had called the attention of the supervisor to it before the accident. Under all the circumstances, as the jury were entitled to find them from the evidence, it would have been clear error for the judge to have taken the case away from them by directing the verdict for defendant.

Judgment affirmed.