## Worrilow *v.* Upper Chichester Township, Appellant.

*Negligence—Highway—Duty of supervisors—Evidence.*

In order for a plaintiff to recover for an injury upon a highway, it is necessary for him to show, not only that he sustained the injury and was free from contributory negligence; but also that the ordinary needs of public travel conducted in the ordinary way upon the highway in question, had not been anticipated and provided for, and that his injury was a natural and probable consequence of the neglect of duty on the part of the township officers.

*Same—Cause of danger beyond the roadway.*

While it is the duty of the supervisors to do what is practicable and reasonable under all the circumstances to make a public road safe, not only as against causes existing in the roadway itself, but also as to those in such close proximity as to render it natural and probable that injury to travelers will result if the cause be not removed or proper safeguards be provided; yet, where no danger may be anticipated from a cause existing beyond the limits of the roadway, no duty in respect to such cause devolves upon the supervisors.

Where a tree, growing at the side of a public road extends over the roadbed, but at such a height that it could not be struck by a wagon on any part of the roadbed, the township is not liable for personal injuries to a traveler caused by his wagon striking the tree as a result of his horse shying at two bulls fighting in the road. Nor would such liability necessarily follow, if the wagon struck the tree while the wheels upon one side were in the gutter, when but for the extraordinary occurrence which drove the plaintiff into the gutter, he could have easily passed in safety.

Argued Feb. 8, 1892. Appeal, 235, Jan. T., 1891, by the defendant, the Township of Upper Chichester, from judgment of C. P. Delaware Co., Dec. T., 1889, No. 35, on verdict for

plaintiff, Antrim Worrilow.   Before PAXSON, C. J., STERRETT, GREEN, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Trespass to recover damages for injuries sustained by being thrown from a wagon on a public road.

The facts are stated in the opinion of the Supreme Court. The court below charged, inter alia, as follows: " Then, again, you have no positive evidence, as to what caused the wagon to become partly capsized, and you must, of course, if you come to the conclusion that the collision was caused by the careening over, or partial capsizing of the wagon—you must find some cause for that, and [if you come to the conclusion, that the horse in shying from the bulls caused the wagon to strike the tree, and from that cause alone, I am inclined to think that you should find the tree an obstruction] [1] (or any part of it.)"

The defendant's fourth point and the answer thereto were as follows: " Under all the evidence in the case, if the wagon of the plaintiff struck the trunk of the tree outside the line of the traveled part of the road, thereby causing the accident to the plaintiff, the defendant is not responsible, and your verdict should be in its favor."

"*Answer:* Well, gentlemen, I cannot say that. I think that if this wagon—this horse merely shied, and the shying caused the wagon to tilt over sufficiently to strike the tree, that it would be such an obstruction as they were bound to remove, because supervisors ought to see that roads are to be reasonably safe even for a skittish or shying horse." [2]

In his thirteenth point, refused, the defendant asked for a direction that " under all the evidence the verdict should be for the defendant." (8)

The verdict was for $975.   A remittitur was subsequently filed for all over $600, and judgment entered in favor of the plaintiff for that amount.

*Errors assigned* were, (1) the portion of the charge as above in brackets, quoting it;  (2, 8) answers to defendant's fourth and thirteenth points, quoting points and answers.

*O. B. Dickinson,* for appellant.—The complaint made against the court below in this case, is that the attention of the jury was directed wholly to the succession of accidents and not to the condition of the highway: Jackson Township v. Wagner,

127 Pa. 184; Hey v. Philada., 81 Pa. 49; McCormick v. Washington, 112 Pa. 190.

*W. B. Broomall,* for appellee.—A public road must be kept in such repair that even skittish animals may be employed, without risk of danger by reason of the condition of the road: Lower Macungie Township v. Merkhoffer, 71 Pa. 276; Borough of Pittston v. Hart, 89 Pa. 389; Plymouth Township v. Graver, 125 Pa. 24; Wharton on Neg. 2 ed. §§ 103 and 983, n. 2.

If the township was negligent in maintaining the road, it is no defence that the injury was caused by the combined effect of the negligence of the township, and a negligent act of a third person: Burrell Township v. Uncapher, 117 Pa. 353; North Manheim Township v. Arnold, 119 Pa. 380.

OPINION BY Mr. JUSTICE HEYDRICK, April 25, 1892:

The road upon which the injury complained of was alleged to have been sustained is an ancient highway. At the point in question there is a cut or excavation of about 4 feet in depth, and the width of the roadway was, at the time of the accident, about 17.5 feet. On the bank, at the distance of about 5 feet from the outer edge of the gutter, as it was at that time, stood a tree, the trunk of which inclined towards the road to such extent that a perpendicular line from the outer edge of the gutter would cross it at some point, to be hereafter considered. The plaintiff alleges that, while he was driving along this road in an ordinary farmer's dearborn wagon, he unexpectedly came upon two bulls fighting opposite the tree; that in the sudden emergency he undertook to drive past the bulls, and when doing so his horse shied to the side of the road, his wagon struck the tree, and in consequence he was thrown out and injured; that when his wagon struck the tree it was in the road, and that the tree was an obstruction to the ordinary use of the road. If the evidence fairly supported these allegations there would be little need to inquire whether the instructions of the learned court below, admittedly in the main correct, were in all respects accurate. But the evidence was so overwhelmingly against the plaintiff's contention that he was in the road when he received the injury, and that the tree was an obstruction to the ordinary use of the road, as to render it more than doubtful whether the jury found in his favor upon these points.

Accurate measurements of the width of the road, of the distance of the root of the tree from the roadway, and of the distance perpendicularly from the gutter to the trunk of the tree, as all existed at the time of the trial, were given by the defendant, and unquestioned by the plaintiff, because he did not pretend to give any measurements at all. These measurements show that the width of the road was 19.62 feet; that a perpendicular line from the outer edge of the gutter would intersect the trunk of the tree at the height of 11.2 feet, and that the root of the tree was distant horizontally from this perpendicular 4.3 feet. But the plaintiff testified that, between the time of the accident and the trial, the road had been widened two feet—one foot on each side. This being true, the horizontal distance from the edge of the road to the root of the tree, at the time of the trial, must have been 5.3 feet; and supposing the gutter to have been of the same depth as at the time of the trial, the distance therefrom perpendicularly to the trunk of the tree must have been more than 13 feet. The plaintiff, however, testified that the gutter had been deepened 6 or 8 inches, and one of his witnesses said 10 inches. Allowing for this deepening of the gutter, the overhanging part of the tree must have been more than 12 feet above the road at the time of the accident. The height of an ordinary dearborn wagon was shown to be no more than 8 feet. It was therefore manifestly impossible that the top of such wagon could have struck the trunk of the tree while the wheels were in the roadway, if the latter was level, and it is matter of calculation that all the "tilt" that could have been given to the wagon by the conformation of the ground, as described by the evidence, could not have thrown it against the tree. And this was demonstrated experimentally when the conditions were more favorable to such collision than at the time of the accident. Much less could it have rendered the road unsafe for the ordinary purposes of travel.

In view of these facts it is difficult to account for the verdict, except upon the theory that the jury understood the court to instruct them that if, in consequence of the shying of the horse, the wagon collided against the tree, the township was liable, whether the tree was an obstruction to ordinary travel or not. Indeed, they may have so understood that part of the charge in

which the learned judge said : " If you come to the conclusion that the horse, in shying from the bulls, caused the wagon to strike the tree, and from this cause alone, I am inclined to think you should find the tree an obstruction." And this was substantially repeated in the refusal to affirm the defendant's fourth point, by which the court was requested to charge that, if the wagon struck the tree outside the line of the traveled part of the road, the defendant was not responsible for the injury occasioned thereby.

It is well settled that " whenever a public road is from any cause rendered so unsafe as to put the traveler in peril of his life, it is the duty of the supervisors to do what is practicable and reasonable under all the circumstances to render it safe : " Plymouth Twp. v. Graver, 125 Pa. 24. And it is immaterial whether the cause exists in the roadway itself, or in such close proximity to it as to render it natural and probable that injury to travelers will result if the cause be not removed or proper safeguards provided. Where the danger is great the public authorities are justly held to a corresponding degree of vigilance, as may be seen in Lower Macungie Twp. v. Merkhoffer, 71 Pa. 276, and Hey v. Phila., 81 Pa. 44. On the other hand, where no danger may be anticipated from a cause existing beyond the limits of the roadway, no duty in respect to such cause has ever been held to devolve upon the supervisors, but it has been laid down as a general rule that they are not responsible for the condition of the land outside of the track in such cases : Plymouth Twp. v. Graver, supra.

In the present case there do not appear to have been any circumstances which would require precaution against accidents outside of the road. There was nothing in close proximity to frighten horses and cause them to spring suddenly aside from the track, and therefore nothing to take the case out of the general rule, that supervisors are not bound to remove obstructions outside of the track against which it is possible runaway horses may collide. Nor was the township necessarily liable if the wagon struck the tree while the wheels were within the extreme limits of the road including the gutters. The measure of its duty was said, in Jackson Twp. v. Wagner, 127 Pa. 184, to be " to anticipate and provide against the ordinary needs of travel conducted in the ordinary manner, and to re-

move obstructions and defects which would naturally or probably cause injury to the traveler along the highway." The measure of its responsibility is not greater than that of natural persons and private corporations under similar circumstances, as to which the general rule is that a man is answerable for such consequences of his fault as are natural and probable, and might therefore be foreseen by ordinary forecast, but if his fault happened to concur with something extraordinary, and therefore not likely to be foreseen, he will not be answerable for the unexpected result: Morrison v. Davis, 20 Pa. 171; Scott v. Hunter, 46 Pa. 192; McGrew v. Stone, 53 Pa. 436; Penn. R. R. v. Kerr, 62 Pa. 353; Hoag v. R. R., 85 Pa. 293. To entitle the plaintiff to recover it was, therefore, not enough to show that he sustained an injury upon the highway, and that he was free from contributory negligence. He must also show that the ordinary needs of public travel, conducted in the ordinary way upon this road, had not been anticipated and provided for, and that his injury was a natural and a probable consequence of the neglect of duty on the part of the township officers. Failing upon either point, he failed to make out his case.

The only complaint made by the plaintiff was that the tree so overhung the road as to be an obstruction to travel; and the only evidence in support of that complaint that appears to have been better than mere guessing, was his own testimony, that his wagon struck the tree while the wheels upon one side were in the gutter. As already pointed out, that was impossible. But, conceding that the testimony on the part of the plaintiff would have warranted a finding that the collision occurred in the manner described, it does not necessarily follow that the tree was such an obstruction as rendered the road unsuitable and insufficient for public travel conducted in the ordinary manner. If, but for the extraordinary occurrence which drove the plaintiff into the gutter, he could have easily passed in safety, the road cannot be said to have been unsuitable and insufficient for public travel. Upon this subject the plaintiff's own testimony, and that of two of his witnesses, left no doubt. In answer to the question: "There would have been no difficulty in going along the road if it had not been that your mare shied from the bulls that were fighting there?" the plain-

tiff answered : " If there had been nothing in the road, of course I could have gone along in the middle. I could have gone down without trouble." And John Kirk, one of his witnesses, testified that he had traveled the road by day and by night, in all kinds of weather, and with all kinds of vehicles, two or three times a week on an average, and never noticed the tree. Charles Cloud, another witness upon the part of the plaintiff, said he had driven along the road a good deal, and never noticed the tree as being in the road—" had no occasion to notice it." Certainly, such testimony as this would not warrant a verdict that the tree was an obstruction to the ordinary travel, or that the injury which the plaintiff sustained was, without the concurrence of the bull fight, a natural and probable consequence of permitting the tree to remain where it was.

The judgment must therefore be reversed.