MASSADILLO *v.* RAILWAY COMPANY.

(*Nashville.* February 14, 1891.)

1. NEW TRIAL. *Excessive verdict. Remittitur.*

Where verdict for plaintiff in an action of tort has been declared by the trial Judge so excessive in amount as to indicate passion or prejudice on the part of the jury, and this Court concurs in that opinion, a new trial will be granted by this. Court notwithstanding the trial Judge refused it upon remittitur of the excess, where the plaintiff entered the remittitur at the Court's suggestion, but did so under protest, reserving exception.

2. SAME. *Remittitur under protest invalid.*

Remittitur "under protest" should not be received by the Court, and will be rejected, if entered, in the consideration of the motion for new trial.

---

FROM WILSON.

---

Appeal in error from Circuit Court of Wilson County. ROBERT CANTRELL, J.

LILLARD THOMPSON and ED I. GOLLIDAY for Massadillo.

B. J. TARVER and SAMUEL GOLLIDAY for Railway Company.

LEA, J.   The plaintiff, Massadillo, brought suit against the defendant railroad company for damages for personal injuries.   The jury rendered a verdict for plaintiff for $5,500.   The defendant moved the Court for a new trial, assigning several causes as reasons therefor.   The Court overruled all the causes except the one which assigned that the verdict was excessive, and stated "that ground was well taken in the judgment of the Court, and the Court would grant a new trial for this cause unless the plaintiff will remit the sum of $2,500," but "if the plaintiff will remit the sum of $2,500, the judgment for $3,000 will be allowed to stand." The "verdict is for too large amount in the opinion of the Court, and the remittitur should be made." Thereupon plaintiff moved the Court for leave to remit $2,500 "*under protest,* and excepted to the action of the court."   And thereupon the plaintiff was allowed to remit said sum "under protest" excepting to the ruling and action of the Court, and appealed from so much of his judgment as required him to remit.   The defendant appealed, and both have assigned errors.

The action of the Court was erroneous.   The action of the Court was virtually compelling the plaintiff to remit.   When plaintiff would only remit under protest and objection, the Court should have granted a new trial, being satisfied, as he said, the judgment was excessive.   We would not be understood as intimating that the Court might not suggest a remittitur, and if plaintiff accepted it with-

out protest or objection, then, on application of plaintiff to remit, a new trial might be refused; but a remittitur "under protest and over the objection" of plaintiff should not be entered. If the plaintiff was unwilling to enter a remittitur as suggested by the Court, then he should have declined, and if the Court granted a new trial, might have taken a bill of exceptions, and upon another trial, if dissatisfied with the result, brought the case to this Court for review. We, therefore, hold that the Court erred in receiving the application to remit under protest. Now, the result is that the verdict for $5,500 remains against the defendant, and with the declaration of the trial Judge, as stated in the bill of exceptions, "that the sum is excessive, and that he would grant a new trial if the plaintiff would not remit." The plaintiff, as we hold, did not remit, and by his action the trial Judge has not exercised his discretion, and we will therefore do what he says he would do if the remittitur was not entered, to wit: Grant the defendant a new trial, as we agree with the Court below that the judgment is excessive, and shows there was passion and prejudice.

The case will be remanded for a new trial, and plaintiff will pay the cost of this Court.