RAILROAD v. WALLACE.

(*Nashville.* December 12, 1891.)

1. INTEREST. *Not allowable as part of verdict for personal injuries.*

In suit to recover damages for personal injuries not causing death, it is error for the Court to instruct the jury that they may in their discretion allow interest upon the amount of damages awarded, and include it in their verdict. Interest cannot be allowed at all in such case.

Cases cited and approved: 79 Ga., 574; 81 Ga., 397; 104 Pa., 306.

2. REMITTITUR. *Of excessive verdict cures error, when.*

But where, in such case, the jury's verdict shows the amount of damages awarded and the amount of interest allowed thereon in separate items, this Court will not reverse the case, there being no other error, if the plaintiff will enter remittitur of the interest.

---

FROM SUMNER.

---

Appeal in error from Circuit Court of Sumner County. H. C. CARTER, Sp. J.

J. J. TURNER for Railroad.

S. F. WILSON, R. K. GILLESPIE, and GEORGE W. BODDIE for Wallace.

SNODGRASS, J.   The defendant in error, while in the service of the Louisville and Nashville Railroad Company as brakeman, sustained severe personal injury resulting. in the loss of a leg, which he alleged was occasioned by the negligence of the company.   He sued for $15,000 damages, and recovered judgment for $9,940.

The railroad company appealed and assigned numerous errors.   It is not deemed material to notice but one of them, as the others are not well taken, and involve nothing new so as to make their consideration in a written opinion necessary.

The one material to be considered relates to the question of interest.   The Court told the jury it could assess plaintiff's damages, with or without interest, as the jury should see proper, in connection with instructions as to the measure of damages not otherwise complained of.   The verdict assessed the damages at $7,000, with seven years' interest, $2,940, aggregating $9,940.

It is objected in the assignment of errors that the charge on this question, and verdict with judgment thereon, are erroneous.

This involves a consideration of the question, What is the true measure of damages for such personal injury?

The rule for determining damages for injuries not resulting in death (where the statute fixes the measure), and not calling for exemplary punishment, deducible from the decisions of this Court since its organization in this State, is that of

compensation for mental suffering and physical pain, loss of time and expenses incident to the injury, and, if it be permanent, the loss resulting from complete or partial disability in health, mind, or person thereby occasioned. And this is the rule most consonant to reason adopted in other States. 3 Sedgwick on Damages, Sec. 481 *et seq.* (8th Ed.); Am. & Eng. Ency. of Law, Vol. V., p. 40-44, and notes; *Illinois Central Railroad Company* v. *Read*, 87 Am. Dec., 260.

As this sum in gross includes all the compensation which is requisite to cover pain, suffering, and disability to date of judgment and prospectively beyond, it is intended to be and is the full measure of recovery, and cannot be supplemented by the new element of damages for detention of this sum from the date of the injury. The measure of damages being thus fixed, it is expected that in determining it juries and Courts will make the sum given in gross a fair and just compensation, and one in full of amount proper to be given when rendered, whether soon or late after the injury; as if given soon it looks to continuing suffering and disability, just as when given late it includes that of the past. It is obvious that damages could not be given for pain and suffering and disability experienced on the very day of trial, and then interest added for years before. These are items considered to make up the aggregate then due and the gross sum then for the first time judicially ascertained.

The error of the Court below was in the assumption that a like measure of damages is applied in this class of cases as in that of injury to property effecting its destruction or conversion, or other unlawful or fraudulent misappropriation or detention of property or money, in which the rule applied by the Circuit Judge is held to be a proper one, not on the theory, even in this class of cases, that interest as such is due, but that the plaintiff is entitled to the fixed sum of money or definite money value of property converted or destroyed, and the jury may give *as damages* an amount equal to interest on the value of the property. But such rule applies alone to such cases, and not to that of personal injury, which does not cease when inflicted and is not susceptible of definite and accurate computation. It never creates a debt nor becomes one until it is judicially ascertained and determined. Only from that time can it draw interest, and interest as damages cannot at any preceding time be added to it without changing and superadding a new element—never given in this State or any other in a similar case, so far as our investigation has discovered.

The counsel of plaintiff, who cite many authorities supposed to be in support of the ruling below, were doubtless misled by the generality of terms used in some of them. Under the head of "interest," after stating that "it was generally allowed by law on two grounds, namely, on contract ex-

pressed or implied, or by way of damages either. for default in payment of a debt or for a use or benefit derived from the money of another," it is stated in the Am. & Eng. Ency. of Law, Vol. II., that "where it is imposed to punish tortious, negligent, or fraudulent conduct, it is a question within the discretion of the jury." Page 380.

For this proposition various authorities are cited, including Mr. Sedgwick on Damages, page 374 (the reference being to paging of the fifth or earlier edition). This author uses similar general terms, but neither was speaking of cases of personal injury, but of the class of cases to which we have referred, as fully appears from Mr. Sedgwick's further discussion of this general head on pages 385, 386, and as most clearly appears from a reference to the authorities cited by both, which relate to cases of trover and trespass, and to property controversies only.

In neither of these books is the proposition now thought to be sustained by them advanced—that the measure of damages for a personal injury includes damages for detention of the supposed amount due.

The generality of statement indulged in that and former editions of this work is corrected by editors of the last edition. Chapter 10 of the first volume of this edition is devoted to interest allowed in actions where it is by rule of law, or in the discretion of the jury or Court trying the case, allowed as part of the measure of damages.

In these cases are enumerated and discussed those actions sounding in tort in which interest may be given as damages. The distinction is there taken as taken here, and actions for personal injuries excluded because of the existence of a wholly different measure of damages respecting them. In this connection we quote Section 320 in the volume and chapter referred to:

"It sufficiently appears from what has already been said that there is no general principle which prevents the recovery of interest in actions of tort. The fact that the demand is unliquidated has been shown to be insufficient to exclude interest, and there is nothing in the mere form of the action which renders it unreasonable that interest should be given. Nevertheless, it is in the region of tort that we find the clearest cases for disallowance of interest. There are many cases which are not brought to recover a sum of money representing a *property loss* of the plaintiff, and it is frequently said broadly that interest is not allowed in such actions. It is certainly not allowed in such actions as assault and battery, or for personal injury by negligence, libel, slander, seduction," etc.

The measure of damage in such case seems nowhere to include this, or be based upon this idea. Even in respect to injury or destruction of property, where the Supreme Court of the United States has adopted fully the prevailing rule allowing damages in the form of interest on value of the property, the rule has been limited to such injury of property

or property right as had a fixed or certain value, and it is accordingly held in that Court that indefinite damages, as that resulting from infringement of a patent, could not bear interest until after the amount had been judicially ascertained. *Tilghman* v. *Proctor*, 125 U. S., 161; Lawyers' Co-op. Ed., Book 19, p. 672.

The direct question we are considering also came before the Supreme Judicial Court of Maine, and it was there held that the rule permitting damages equal to interest on value of property in cases of trespass and trover did not apply, and that interest could not be allowed upon a recovery for personal injury, and that, too, under a statute authorizing a recovery "to the amount of the damage sustained" (this not material, however, as their statute gave no more nor less right than exists here). *Sargent* v. *Hampden*, 38 Maine, 581.

The cases cited by the editors of the last edition of Sedgwick on Damages, sustaining the proposition that interest cannot be included in a recovery of damages for personal injuries, are from Georgia and Pennsylvania. *Rateree* v. *Chapman*, 79 Ga., 574; *Western and Atlantic Railroad Company* v. *Young*, 81 Ga., 397; *Pittsburgh Southern Railway Company* v. *Taylor*, 104 Pa., 306.

These cases have all been examined, and fully sustain the text.

One of the cases cited to the proposition in the American and English Encyclopedia of Law was a Pennsylvania case earlier than either of those to

which we have referred. The case there cited (*Fasholt* v. *Read*, 16 Serg. & R., 266), which we have not been able to find in libraries here, was evidently not one of personal injury, or else not consistent with later holdings of that Court.

Indeed, the Pennsylvania Court seems hardly to have gone as far on that question in reference to allowance of interest as damages in other actions *ex delicto* as other Courts.

In suits for the destruction of property that Court has held that while lapse of time may be looked to, it is error to instruct the jury that plaintiff is entitled to interest on such damage from time it occurred. *Township of Plymouth* v. *Graves*, 125 Pa., 24; *Emerson* v. *Schoonmaker*, 135 Pa., 437.

Of the other cases cited in the American and English Encyclopedia of Law we have examined those in 13 Wis., 36 N. Y., and 30 Texas. They all sustain the text as it is intended to be understood and as we have herein explained, and doubtless the other cases do so.

To the same effect are the cases of *Lincoln* v. *Claflin*, 6 Wall., 132 (Lawyers' Co-op. Ed., Book 19, p. 106); *Dyer* v. *Nat. St. Nav. Co.*, 118 U. S., 507 (Lawyers' Co-op. Ed., Book 30, p. 153); *United States* v. *North Carolina*, 136 U. S., 211 (Lawyers' Co-op. Ed., Book 34, p. 336); *Clement* v. *Spear*, 56 Vermont, 401; and cases from American Decisions and Reports, cited in Rapalje's Digest, Vol. I., pages 1039, 1040, 1041, under heads of "Trover" and

Railroad *v.* Wallace.

" When Interest may be Added," and Vol. II., page 1991, under head of " Interest." See also 1 Sedgwick, Secs. 432 and 493 (8th Ed.).

The effect and meaning of statements quoted from American and English Encyclopedia of Law, and its reference to Sedgwick on Damages, are made perfectly clear when these cases and authorities herein added are examined and the generality of expressions limited to the purpose of their use and the class of cases being considered. They were not dealing at all, nor intending to be understood as dealing, with the question of recovery for personal injuries, which is itself a recovery of damages pure and simple, and measured by a rule which needs no supplement that would add damages to damages.

The charge and verdict were therefore erroneous on this point, and prejudicial to defendant to the extent, and only to the extent, of the injury. The Circuit Judge might have refused to receive the verdict as to interest, and the same effect may now follow a remitting of the interest by plaintiff if he elects to do so. In that event the plaintiff is entitled to a judgment for the $7,000, with interest from date of its rendition and cost; and with this modification the judgment will be affirmed. This was the practice adopted in the Maine case on this point, as well as in one of the Pennsylvania cases (135 Pa., 437, citing several others), and is clearly the correct rule.

In default of such remission a new trial will be granted.