ALABAMA GREAT SOUTHERN RAILROAD COMPANY *v.*
FAUSTINA ROBERTS.

and

ALABAMA GREAT SOUTHERN RAILROAD COMPANY *v.*
EDISTA ROBERTS.

(*Knoxville.*   September Term, 1904.)

1. **REMITTITUR.** As condition of affirmance of judgment er-
roneous alone for excessiveness, when.

The requirement of a remittitur by the supreme court as a con-
dition of affirmance of the judgment in an action for personal
injuries, where it is so excessive as to evince passion, prejudice
or caprice, is good law, sound policy, and no invasion of the
right of the parties or province of the jury, and no exercise of
original jurisdiction, and the practice may be adopted where the
only error is the excessiveness of the damages awarded in such
cases.   (*Post, pp.* 491-499.)

Cases cited and approved: Branch v. Bass, 5 Sneed, 369; Young
v. Cowden, 98 Tenn., 589; Land Co. v. Mann, 130 U. S., 69; Bur-
dict v. Railroad, 123 Mo., 221; Hutchins v. St. Paul, M. & M.
Co., 44 Minn., 5.

2. **SAME.** Same. Extent of practice heretofore stated.

Judgments have heretofore been affirmed upon the entry of remit-
titurs as to the objectionable part of a special verdict (Memphis
v. Kimbrough, 12 Heis., 133); where there is apparent an error
of calculation (McKinley v. Beasley, 5 Sneed, 170); where the
judgment is for an amount greater than that laid in the suit and
declaration (Crabb v. Bank, 6 Yer., 332); where a verdict is
based upon several items and is divisible (Railroad v. Wallace,
91 Tenn., 35).   (*Post, pp.* 492, 493.)

Railroad v. Roberts.

3. **SAME.** **Required by trial judge as a condition of refusing new trial.**

The trial judge may as a condition of denying the motion for a new trial, made by the defendant, require a remittitur of part of the verdict which he deems excessive, but it is optional for the plaintiff to comply with such condition or suffer a new trial. (*Post, pp.* 493, 494.)

Cases cited and approved: Branch v. Bass, 5 Sneed, 366; Massadillo v. Railroad, 89 Tenn., 661; Railroad v. Jones, 9 Heis., 27; Railroad v. Wallace, 91 Tenn., 35; Railroad v. Garrett, 8 Lea, 450; Railroad v. Foster, 10 Lea, 366; Young v. Cowden, 98 Tenn., 588, 590; Telegraph Co. v. Frith, 105 Tenn., 174.

4. **SAME.** **Defendant cannot be required to waive or abandon appeal.**

The defendant, in case of remittitur, cannot be required to abandon or waive his right of appeal upon condition of plaintiff's acceptance of the remittitur. (*Post, pp.* 494, 495.)

Cases cited and approved: Railroad v. Foster, 10 Lea, 351, 366; Coal Co. v. Roddy, 85 Tenn., 400.

---

## FROM HAMILTON.

---

Appeal from the Circuit Court of Hamilton County. —M. M. ALLISON, Judge.

SHEPHERD & FRIERSON, for Railroad.

THOMAS & THOMAS, for Roberts.

MR. JUSTICE WILKES delivered the opinion of the Court.

These are two separate cases heard together in the court below by consent, and involving damages for personal injuries caused by a collision between the cars of the Rapid Transit Company and the Alabama Great Southern Railroad Company. The plaintiffs are both minors, Faustina at the time of the injury being about 13 years of age, and Edista being about nine years old. The suit was brought for the benefit of the minors by their father as next friend against the Alabama Great Southern Railroad Company, the Rapid Transit Company, and the Belt Line Company. There was a verdict in favor of the latter two, but against the Alabama Great Southern Railroad Company, in favor of Faustina for $2,000, and in favor of Edista for $800, and the railroad has appealed and assigned as the only error that the verdict in each case is so excessive as to evince passion, prejudice, or caprice on the part of the jury. Counsel for the railroad company admitted that his company was liable for some damages, and expressed his willingness to pay what was reasonable, and that the jury might fix the amount.

There was no claim made in the case for vindictive, punitive, or exemplary damages. The court below ruled that only compensatory damages could be received under the agreement of the parties, and to this there was no exception by plaintiff.

The court charged the jury to take into consideration the mental and physical pain and suffering resulting to each from the accident, and let their verdict be for a reasonable compensation for the actual injuries sustained in each case, taking into consideration the mental and physical pain and suffering, and from the proof determine whether the injuries received were permanent or temporary, looking to the proof to ascertain the nature, character, and extent of the injuries in each case, and from the proof make up their report.

No exception was made to this charge in the court below, nor is any made in this court.

Counsel for the plaintiff, in his brief, states that the proof in the court below was confined to the mere question of compensatory damages, and insists that the amount found is only compensatory, and not subject to the assignment that it is so excessive as to evince passion, prejudice, or caprice on the part of the jury.

We have before us, therefore, cases of verdicts upon facts which, it is conceded, make a case of liability in which the element of exemplary or punitive damages is not involved, but only what is compensatory for personal injuries. The liability of the defendant being conceded, the only question is whether the amounts found by the jury for the two girls are so excessive as to evince passion, prejudice, and caprice on the part of the jury; and in our opinion they are so excessive as to fall within the rule, and should be abated—that of plaintiff Faustina from $2,000 to $1,250, and that of Edista from

$800 to $400; and for these amounts only, together with all costs, are they entitled to judgment.

This court therefore suggests to plaintiffs' counsel that the recoveries be reduced to these amounts; and, in the event they· consent thereto, judgments will be so entered, and ten days is granted to them, and each of them, respectively, to accept or reject this suggestion. In the event either of said plaintiffs, by their attorneys, shall not accept this suggestion of the court, and agree thereto, the judgment of the lower court will be reversed as to such one, and a new trial awarded as to her, and the appellee not agreeing will pay costs of her appeal.

Inasmuch as this is to some degree a new practice in Tennessee, the court deems it proper to state the reasons for adopting it and the law applicable to it.

It has heretofore been held that, when a verdict of a jury is special and a certain part thereof is not lawfully recoverable, this court will allow the verdict to stand if a remittitur is entered as to the objectionable part. *Memphis* v. *Kimbrough,* 12 Heisk., 133.

So, when there is apparent an error of calculation in an action of debt, this court will not reverse and remand, but will remit the erroneous part. *McKinley* v. *Beasley,* 5 Sneed, 170. See, also, *Railroad* v. *Wallace,* 91 Tenn., 35, 17 S. W., 882.

When the judgment in the court below is for an amount greater than that laid in the suit and declaration, this court will reverse unless the appellee remit

the excess, as he might have done in the court below. *Crabb's Ex'rs* v. *The Bank,* 6 Yerg., 332.

So when a verdict is based upon several items, and is divisible, this court may remit so as to reduce the total amount by such items as have been improperly allowed by the jury. *Railroad* v. *Wallace,* 91 Tenn., 35, 17 S. W., 882.

This is perhaps the full extent to which this court has heretofore gone in causing or suggesting remittiturs; and the usual practice in damage suits for personal injuries, when there is a gross verdict or judgment to cover all damages, has been, in case the verdict is so excessive as to evince passion, prejudice, or caprice on the part of the jury, to set aside the judgment and verdict and award a new trial.

The consequence has been to prolong litigation, to swell bills of cost, to delay final adjudication, and, in a large number of instances, to have such excessive judgments repeated over and over, upon the new trial.

It is believed that this is a result which may be remedied by adopting the practice herein suggested, and which already prevails in the majority of the States of the Union. This practice will conform to that of the court below, and we can see no good reason why it should not prevail.

- The rule in the lower court is that the trial judge may suggest a remittitur to the plaintiff, and, if he assents thereto, he may avoid a setting aside of the verdict and a new trial. *Branch* v. *Bass,* 5 Sneed, 366.

But such remittitur cannot be entered over the pro-
test of the successful plaintiff, and if he do not assent
thereto the circuit judge must set aside the judgment
and grant a new trial. *Massadillo* v. *Railway Co.,* 89
Tenn., 661, 15 S. W., 445.

The general rule is stated as follows:

The trial judge may, as a condition of denying the
motion for a new trial, made by the defendant in an
action of debt, require a remittitur of part of the verdict
which he deems excessive, but it is optional with the
plaintiff to comply with such condition or suffer a new
trial. *Young* v. *Cowden,* 98 Tenn., 588, 590, 40 S. W.,
1088, citing *Branch* v. *Bass,* 5 Sneed, 366; *Railroad* v.
*Jones,* 9 Heisk., 27; *Massadillo* v. *Railroad Company,*
89 Tenn., 661, 15 S. W., 445; *Railroad* v. *Wallace,* 91
Tenn., 35, 17 S. W., 882; *Railroad* v. *Garrett,* 8 Lea, 450,
41 Am. Rep., 640; *Railroad* v. *Foster,* 10 Lea, 366, ap-
proved in *Tel. Co.* v. *Frith,* 105 Tenn., 174, 58 S. W.,
118.

In *Railroad Company* v. *Garrett,* 8 Lea, 438, 41 Am.
Rep., 640, it was held to be an error, but not reversible
under the facts of that case, to require a remittitur if
the defendant would abide by the judgment and not ap-
peal, and when the defendant would not agree the judg-
ment was allowed to stand.

The defendant in case of remittitur cannot be requir-
ed to abandon or waive his right of appeal as a condition
to acceptance by plaintiff. *Railroad* v. *Foster,* 10 Lea,

Railroad v. Roberts.

351, 366; *Tenn. Coal Co.* v. *Roddy,* 85 Tenn., 400, 5. S. W., 286.

These cases show the extent to which this court has gone in suggesting remittiturs in this court and approving remittiturs in the court below.

As before stated, the practice in this court has heretofore been, in cases of excessive judgments for damages for personal injuries, to set them aside and remand for a new trial, if the verdict is so excessive as to evince passion, prejudice, or caprice. When the excess does not go to this extent, the verdict of the jury and judgment of the court below is not disturbed by this court. *Tenn. Coal & Ry. Co.* v. *Roddy,* 85 Tenn., 400, 5 S. W., 286.

The rule prevailing in a large number of States of the Union is that a remittitur may be required as well in this court as in the trial court. 18 Enc. Pleadings and Practice, p. 137, and authorities there quoted.

It is also laid down in 18 Enc. Pleadings and Practice, 125, that the great weight of authority is that a court may permit or require the entry of a remittitur in actions for unliquidated damages for torts. See cases cited.

Again it is said: "It is a very common practice for an appellate court, when it deems the damages excessive, and this is the only error, to require a remittitur of the amount considered excessive as a condition to the affirmance of the judgment."

In support of this a large number of cases are cited from the following States:

Arkansas, California, Connecticut, Florida, Georgia, Illinois, Indiana, Iowa, Kansas, Maine, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New York, Ohio, Oregon, Texas, Washington, Wisconsin, and cases from the federal and United States supreme court.

In many of these States the rule has been adopted in later cases over a contrary holding in earlier cases. Notably is this case in Missouri, as is shown by the case of *Burdict* v. *Missouri Pacific Ry. Co.,* 123 Mo., 221, 27 S. W., 453, 26 L. R. A., 384, 45 Am. St. Rep., 528.

This is a well-considered case and extensively annotated, and the different holdings in the several courts are distinguished and illustrated. In some States, as in Louisiana, it is held that the court has power to cut the verdict without the assent of the parties; but the great weight of authority is that it cannot be done over the protest of the successful plaintiff. See our own cases heretofore cited, especially *Massadillo* v. *Railroad Company,* 89 Tenn., 661, 15 S. W., 445.

The doctrine of remittitur applies to damages in torts as well as to damages for breach of contract. The judge may set aside the verdict in such cases *in toto*. It follows that he may determine what would be a reasonable amount. Such is not a usurpation by the court of the province of the jury. The facts have been passed on by a jury, and the right to recover has been determined by the jury, and not by the court. The judge expresses his opinion as to the reasonableness of the amount, the

plaintiff accedes to the justice of the judge's estimate, and agrees to accept it; and, while the judgment is for an amount smaller than that found by the jury, it is a judgment based upon facts which the jury have found fixes liability, and not upon facts found by the court. *Branch* v. *Bass,* 5 Sneed, 369; *Young* v. *Cowden,* 98 Tenn., 589, 40 S. W., 1088; *Arkansas Valley Land Co.* v. *Mann,* 130 U. S., 69, 9 Sup. Ct., 458, 32 L. Ed., 854; 18 Enc. Plead. and Prac., 127; *Burdict* v. *Mo. Pac. Ry. Co.,* 123 Mo., 221, 27 S. W., 453, 26 L. R. A., 384, 45 Am. St. Rep., 528.

It may be said that this practice of requiring a remittitur is the exercise of original jurisdiction by this court and in the same connection it may be said that, if this court has the right to reduce the judgment of the court below it has the right to increase it. Neither of these objections are well grounded. This court cannot, and does not render any judgment as an exercise of original jurisdiction when it reduces the verdict and judgment of the court below. It merely reviews and corrects the judgment rendered to the extent of the excess; and, as to this excess, it may very well be said there is no evidence to sustain it. But it cannot give judgment for an amount in excess of what the jury has found, which the jury has not found, for that would be the exercise of original jurisdiction.

In the cases of *Hutchins* v. *St. Paul, M. & M. Co.,* 44 Minn., 5, 46 N. W., 79, it is said, in substance, that,

113 Tenn—32

while no court has any right to substitute its own esti-
mate of the damages for that of a jury, yet it has the
right to determine the amount beyond which there is no
evidence, upon any reasonable view of the case, to sup-
port the verdict.

In a number of cases it has been held that when the
damages are so excessive as to evince passion, prejudice,
or caprice, the error cannot be corrected by remittitur,
because such passion, prejudice, and caprice will be pre-
sumed to have permeated the entire verdict, and to have
influenced or caused the finding of the question of any
liability on the facts.

See cases cited in 18 Enc. Plead. and Prac., 144.

We cannot admit the soundness of the view of these
cases under our practice.   If a jury, through passion,
prejudice, and caprice has given a judgment, whether
excessive or not, when the facts do not warrant any
judgment, it is the practice of this court to set aside the
verdict, because there is no evidence to support it.

But when the court can see that there is liability, and
especially when that liability is conceded  for  some
amount, as in the present case, and the only error is the
reason to set aside the verdict *in toto,* if justice and
right can be reached by reducing the damages.    There
may be cases where a verdict for any amount whatever
would evince passion, prejudice, or caprice, and these
cases can readily be  reached under the rule of this
court to reverse when there is no evidence to support the
verdict. The courts are not uniform in the mode of sub-

Railroad v. Roberts.

mitting or requiring remittiturs, and the practice in each State is modified by other rules touching the same errors.

We are of the opinion, therefore, that it is good law, sound policy, and no invasion of the rights of parties or the province of the jury, and no exercise of original jurisdiction, to adopt the practice of requiring remittiturs in this court at the option of the appellee, to the end that justice may be reached and an end put to litigation.