Diane Bishop **ORANGE** et al., Appellants,

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellees.**

Court of Appeals of Kentucky.

June 27, 1969.

Joseph S. Freeland, Paducah, for appellants.

Henry O. Whitlow, Paducah, for appellee.

REED, Judge.

This appeal presents a case of first impression. The sole issue is whether an injury to a viable unborn child of the insured is an injury to "a member of the family of the insured residing in the same household as the insured" within the operation of a "family" or "household" exclusion clause of an automobile liability insurance policy. The trial judge held that the unborn infant was within the excluded class; hence, no coverage was afforded by the liability policy. We affirm the trial court's determination of the issue presented.

There is no dispute about the facts. Appellee, State Farm Mutual Automobile Insurance Company, issued to appellant, Diane Orange, an automobile liability insurance policy. The insured, Diane Orange, is the wife of appellant, Jerald D. Orange, and they reside in the same household. While this policy was in force, Mrs. Orange had an automobile accident. She was driving a car when it left the highway and collided with a tree. She was between six and seven months pregnant at the time. As a result of the injury sustained in the collision, the child she was carrying was born dead shortly thereafter.

Mr. Orange, having first secured appointment as administrator of the deceased infant's estate, filed suit against his wife to recover for the wrongful death of their unborn child. KRS 411.130. The insurer thereupon filed a declaratory judgment action against Mrs. Orange (Mr. Orange as administrator of the estate of the deceased unborn child was later made a party) seeking a determination of whether it owed a duty to defend Mrs. Orange in the action then pending against her; the insurer also sought an adjudication of its liability, if any, for the payment up to policy limits of any judgment rendered against Mrs. Orange in the pending wrongful death action.

The insurer relies on an exclusionary clause in the policy providing that the insurance does not apply:

> \* \* \* \* \* \*
> "(i) \* \* \*, to bodily injury to the insured or any member of the family of the insured residing in the same household as the insured;"

Mrs. Orange and her husband argue that as applied to the exclusion clause the insured's "family" and "household" mean the same thing; that "family" refers to a social, and not a biological unit. They contend that their viable unborn child was not a member of society and would not become one until birth. They cite authority that a widow living with one child constitutes a family, although a widow living alone does

not. Cf. Brooks v. Collins, 74 Ky. (11 Bush.) 622, with Davis v. Dean, 236 Ky. 362, 33 S.W.2d 340. From this they reason that a pregnant widow living alone could not constitute a family and they, therefore, insist that an unborn child cannot be a member of a family until it is born alive.

The insurer insists that the contentions of the insured and her husband are fundamentally inconsistent. The insurer argues that appellants' contention that the unborn child is not a separate person—not a member of a family—basically contradicts the necessary premise on which a cause of action is permitted for a tort involving injury to an unborn child.

■■ The necessary premise is that the unborn infant is a separate person with an existence of its own. This view is expressed in the legal doctrine which holds that there is no cause of action on behalf of an unborn fetus for a tort injuring it until the fetus has become viable; however, in this jurisdiction, there is a cause of action on behalf of the estate of an unborn fetus for a tort involving injury to it occurring at or after the time the fetus has attained the stage of viability. Mitchell v. Couch, Ky., 285 S.W.2d 901. Once the stage of viability is reached the fetus is regarded as a legal "person" with a separate existence of its own. It is the living child of its mother and father—it has a family and resides wherever its mother resides.

■ The words "family" and "household" in the exclusion clause must be applied according to the context in which they are used. The applications of those terms in the cases cited by the insured and her husband are in entirely different contexts.

"We do not believe, however, that a useful purpose would be served by a lengthy analysis of the ways in which these terms have been variously defined and construed. We are impressed by the fact that the clear purpose of the exclusion was to protect the insurer from overfriendly lawsuits,

which nearly always would exist where plaintiff and insured defendant are bound by ties of kinship and are living together." Third National Bank of Ashland v. State Farm, Ky., 334 S.W.2d 261.

In the last cited case, various authorities, both foreign and domestic, were considered in arriving at what we concluded was a proper application of the type of exclusion clause herein involved. No ambiguity is present. The problem is the application of the express terms of the clause to varying factual situations.

It is our conclusion that in order to afford a sustainable cause of action for the wrongful death of the unborn infant herein involved, the infant must be regarded as viable at the time of the injury. This being true, it follows that the unborn infant was a legal person with a separate existence of its own and hence was a member of the class excluded from coverage by the policy.

The insurer had no duty to defend the action and had no liability to indemnify the insured mother nor pay any judgment rendered against her in this action. The trial court correctly adjudicated the issue.

The judgment is affirmed.

All concur.