983 F.2d 1066
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Steven FRANZEN, Administrator of the Estate of Gary
Ruschell, Deceased, Plaintiff-Appellee,
Connie RUSCHELL, Individually and as Administratrix of the
Estate of Infant Ruschell, Deceased, Plaintiff-Appellant,
v.
CSX TRANSPORTATION, INC., et al., Defendants.
 No. 92-5404.
 United States Court of Appeals, Sixth Circuit.
 Dec. 18, 1992.
 
 Before BOGGS and SUHRHEINRICH, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 In this diversity action, plaintiff Connie Ruschell, Individually and as Administratrix of the Estate of Infant Ruschell, deceased, appeals from an order granting summary judgment as to the Infant Ruschell's wrongful death claim against the Estate of Gary Ruschell. We REVERSE and REMAND.
 
 
 2
 * Gary Ruschell was killed and his wife Connie was injured after the vehicle Gary was driving was struck by a train owned and operated by defendant CSX Transportation, Inc. ("CSX"). Connie was pregnant at the time and lost the baby shortly thereafter.
 
 
 3
 Connie Ruschell, Individually and as Administratrix of the Estate of Gary Ruschell and Infant Ruschell, brought suit in January of 1990 against CSX. On November 5, 1990, prior to the close of discovery, CSX filed a motion for partial summary judgment on the wrongful death claim asserted on behalf of the Infant Ruschell. CSX maintained that the infant was not viable when the accident occurred and was therefore not a "person" under the wrongful death statute. See Ky.Rev.Stat.Ann. §§ 411.130, 411.135 (Baldwin 1988). In support, CSX offered the affidavit of Dr. John W. Greene, Jr., who stated that at the time of the accident the fetus was between eighteen and twenty weeks gestation and was therefore not viable. Plaintiff responded to the motion but offered nothing by way of affidavit or otherwise on the question of the infant's viability.
 
 
 4
 On January 7, 1991, per telephone conference, the district court extended the discovery deadline for both plaintiff and defendants. The record does not indicate why the court extended the deadlines or whether any restrictions were set; and the parties were unable to shed any light on the subject at oral argument. On January 31, 1991, before the close of discovery, the district court granted partial summary judgment for defendant on the grounds that the "uncontroverted record" showed the fetus was not "viable."[1]
 
 
 5
 After the close of plaintiff's extended discovery deadline, but prior to that of defendant's, plaintiff filed a motion to set aside the January 31, 1991 judgment and to certify to the Kentucky Supreme Court the legal question of whether the viability of the unborn child was dispositive in an action for wrongful death. Attached to the motion was a February 18, 1991 report to plaintiff's counsel from Dr. Richard T.F. Schmidt and an unauthenticated xerox copy of a photograph of the body of "Infant Ruschell." The district court ordered a response to the motion from defendant. Plaintiff then filed a reply brief, to which was attached the affidavit of Dr. Schmidt incorporating by reference Dr. Schmidt's report to plaintiff's counsel. In Dr. Schmidt's opinion, the Infant Ruschell had attained physical characteristics comparable to those of a viable fetus.
 
 
 6
 On April 24, 1991, the district court denied the motion to set aside judgment. As to the viability question, the court stated that "[h]aving considered the memoranda of the parties on the present issue, and for the reasons stated in the Court's memorandum opinion and order of January 31, 1991 ... said motion ... is DENIED."
 
 
 7
 Subsequently, Connie Ruschell, individually and as Administratrix of the Estate of Gary Ruschell, settled all matters and claims with CSX. A final appealable order was entered on March 9, 1992, leaving only the Infant Ruschell's wrongful death action against the Estate of Gary Ruschell.[2] This appeal followed.
 
 II
 
 8
 Plaintiff argues that there is sufficient evidence in the record to create a genuine issue of material fact as to the "viability" of the unborn child. Defendant responds that plaintiff, as the nonmoving party, failed to meet its burden under Fed.R.Civ.P. 56(e) of coming forward with "specific facts" showing a genuine issue for trial.
 
 
 9
 In general, a district court is authorized to grant a motion for summary judgment before the close of discovery absent an affidavit by the non-moving party, under Fed.R.Civ.P. 56(f), demonstrating a need for more time. Emmons v. McLaughlin, 874 F.2d 351 (6th Cir.1989) (party opposing summary judgment has no absolute right to additional discovery time and must establish basis for additional time pursuant to Rule 56(f)); Shavrnoch v. Clark Oil and Refining Corp., 726 F.2d 291, 294 (6th Cir.1984) (in absence of Rule 56(f) affidavit the district court had no reason to delay entry of judgment based upon the evidence before it). It is undisputed that plaintiff's response to defendant's motion for partial summary judgment did not meet the requirements of either 56(e) or (f). Given the procedural history of this case, however, we are compelled to hold that the lower court erred in granting partial summary judgment on the wrongful death claim since at the time the order became final, the district court did have before it "genuine issues of material fact" on the question of the infant's viability.
 
 
 10
 The January 31, 1991, grant of partial summary judgment was merely an interlocutory summary adjudication,[3] and as such, was "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Fed.R.Civ.P. 54(b); Paramount Pictures Corp. v. Thompson Theaters, Inc., 621 F.2d 1088, 1090 (10th Cir.1980); Sellums v. Powell, 566 F.2d 231, 234 (D.C.Cir.1977); Doctor v. Seaboard Coast Line R.R. Co., 540 F.2d 699, 712 (4th Cir.1976). See Mallory v. Eyrich, 922 F.2d 1273, 1282 (6th Cir.1991) ("District courts have inherent power to reconsider interlocutory orders and re-open any part of a case before entry of a final judgment."). See generally, 6 James W. Moore, Jerome C. Wicker, MOORE'S FEDERAL PRACTICE § 56.20. ("If a summary judgment is interlocutory in character, it is subject to revision by the trial court and does not have any res judicata effect.").
 
 
 11
 From the district court's acts of extending discovery (apparently without limitation), accepting for filing plaintiff's motion to set aside judgment and reply brief, ordering a response from defendant, and basing its denial of the motion on the merits (incorporating by reference the January 31, 1991 opinion and order); and the absence of any articulation by the district court of a Rule 56(f) flaw or other timeliness defect, we can infer only that the court intended to reconsider the wrongful death count. We must therefore evaluate the summary judgment ruling on that claim at the time the decision became final.
 
 
 12
 This in turn requires us to evaluate materials submitted by plaintiff in an attempt to meet her burden of proof on the essential element of viability.[4] In Mitchell v. Couch, 285 S.W.2d 901 (Ky.1955), the Kentucky Court of Appeals[5] stated that "when a pregnant woman is injured through negligence and the child, if it be a viable infant ..., suffers death as a consequence, a right of recovery exists to the personal representative...." Id. at 906; Cox v. Cooper, 510 S.W.2d 530 (Ky.1974); Rice v. Rizk, 453 S.W.2d 732 (Ky.1970); Orange v. State Farm, 443 S.W.2d 650 (Ky.1969); City of Louisville v. Stuckenborg, 438 S.W.2d 94 (Ky.1968). Once the state of viability is obtained, the unborn child becomes a legal person with a separate existence. Orange, 443 S.W.2d at 651. "Viable fetus" is defined as a "child [that] has reached such a stage of development that it can presently live outside the female body as well as within it." Mitchell, 285 S.W.2d at 905.[6] See Roe v. Wade, 410 U.S. 113, 160 (1973) (viability is point where fetus is "potentially able to live outside the mother's womb").
 
 
 13
 The affidavit of Dr. Schmidt flatly contradicts that of Dr. Greene. While agreeing with Dr. Greene's assessment of Connie Ruschell's sonogram as showing a single fetus of a size compatible with a fetus at 11.3 weeks gestation, Dr. Schmidt adds that the figure is simply the median figure for a fetus of this length. Dr. Schmidt's report goes on to state that the photograph of the Infant Ruschell taken immediately following delivery, "suggests a greater gestational age than 18 1/2 weeks ... the median gestational age for an infant with this biparietal diameter [56mm] is 23 weeks." In summation, Dr. Schmidt stated: "Regarding its status at the time of the accident, it is demonstrable that the Ruschell baby had attained physical characteristics equal to other infants who have survived." Thus, the question of the infant's viability presented a genuine issue of material fact and was thus properly for the jury. See, e.g., Green v. Smith, 377 N.E.2d 37 (Ill.1978) (question of whether a 14- to 18-week-old fetus was viable, was a question of fact for trier of fact and not a question of law).
 
 
 14
 Thus, for all the foregoing reasons, the judgment of the district court on the wrongful death count against the Estate of Gary Ruschell is REVERSED and REMANDED for further proceedings consistent with this opinion.
 
 
 
 [1]
 The Estate of Gary Ruschell joined CSX Transportation's November 5, 1990, motion on February 8, 1991
 
 
 [2]
 By Order of February 22, 1992, the district court substituted Stephen Franzen as Administrator of the Estate of Gary Ruschell
 
 
 [3]
 The grant of partial summary judgment under Rule 56 is not a judgment as defined in Rule 54(a). In certain circumstances the district court may direct entry of a final appealable judgment "upon an express determination that there is no reason for delay and upon an express direction for the entry of judgment." Fed.R.Civ.P. 54(b). "Otherwise the summary judgment remains interlocutory until the rest of the action is disposed of." Moore's at p 54.40
 
 
 [4]
 Plaintiff urges this court to certify the question of whether Kentucky law requires a fetus be viable in order to maintain a wrongful death action to the Supreme Court of Kentucky. We think that there is controlling precedent on the issue; therefore, the second requirement of CR 76.37(1), Kent R.Civ.P., has not been satisfied. See generally, Jones v. Commonwealth, 830 S.W.2d 877, 882 (Ky.1992) (Wintersheimer, J., dissenting)
 
 
 [5]
 Before 1976, the Kentucky Court of Appeals was the highest state court
 
 
 [6]
 The court continued that "[a] fetus generally becomes a viable child between the sixth and seventh month of its existence, although there are instances of younger infants being born and "surviving." Mitchell, 285 S.W.2d at 905