IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 4, 2002 Session

JOHN M. HOLLIS, INDIVIDUALLY AND AS THE SURVIVING PARENT OF
RAVEN BLAIR HOLLIS
V.
W. CHARLES DOERFLINGER, ADMINISTRATOR AD LITEM FOR THE
ESTATE OF RHONDA B. HOLLIS,
AND
OHIO FARMERS INSURANCE COMPANY AND
WESTFIELD INSURANCE COMPANY

Appeal from the Circuit Court for Lawrence County
No. CC-937-00     Stella L. Hargrove, Judge

No. M2002-00222-COA-R3-CV - Filed June 3, 2003

This is an insurance case. The mother and the father were covered by an automobile insurance policy that excluded coverage for certain family members who were residents of the same household as the insureds. The mother was pregnant with a viable fetus. She was at fault in an automobile accident in which she and the fetus died. On behalf of the deceased fetus, the father filed a wrongful death action against the mother's estate. On a motion for partial summary judgment, the father sought a declaratory judgment to determine whether the insurance company was obligated to provide coverage for the deceased fetus. The trial court found that the insurance policy's family exclusion provision was ambiguous. Consequently, it construed the policy in favor of the father, finding that the fetus was not considered a resident of the father's household and that the insurance company was required to provide coverage for the deceased fetus. After a trial, the father was awarded damages plus prejudgment interest. The insurance company and the administrator ad litem of the mother's estate appeal. The insurance company argues that the fetus was excluded from coverage. The administrator ad litem of the mother's estate asserts that the trial court erred in awarding prejudgment interest. We reverse, finding that the fetus was a resident of the mother's household, and consequently a resident of the father's household, and that the insurance company was therefore not obligated to provide coverage for the fetus. The award of prejudgment interest is reversed as well.

Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed

HOLLY KIRBY LILLARD, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

Warren M. Smith, Nashville, Tennessee, for appellants, Ohio Farmers Insurance Company and Westfield Insurance Company.

J. Russell Parkes, Columbia, Tennessee, for appellant W. Charles Doerflinger, Administrator Ad Litem for the Estate of Rhonda B. Hollis.

Paul B. Plant, Lawrenceburg, Tennessee, Eugene N. Bulso, Jr. and Barbara Hawley Smith, Nashville, Tennessee, for appellee, John M. Hollis, Individually and as the Surviving Parent of Raven Blair Hollis.

**OPINION**

This case arises from tragic circumstances. On July 5, 1999, Rhonda B. Hollis ("Mother") was pregnant with an unborn, yet viable, fetus, Raven Blair Hollis ("Raven"). While Mother was driving, her car was involved in an accident. It is undisputed that Mother was at fault in the accident.[1] As a result of the accident, both Mother and Raven perished.

At the time of the fatal accident, Mother and her husband, John M. Hollis ("Father"), were both covered under an automobile insurance policy issued by Ohio Farmers Insurance Company/Westfield Insurance Company ("Westfield"). The insurance policy provided coverage for bodily injury and property damage for which the Hollises became legally responsible. The policy, however, contained a provision that excluded coverage for "bodily injury to anyone related to that insured by blood, marriage or adoption who is a resident of the same household." (Emphasis omitted). Thus, if Mother were legally responsible for the bodily injury of a person to whom she was related by blood, marriage, or adoption, and if the injured person was also a resident of Mother's household, Westfield was not obligated to provide coverage.

On October 30, 2000, Father filed a wrongful death action, individually and on behalf of Raven,[2] against Mother's estate and Westfield. Father sought $600,000 in damages from Mother's estate, and asked the trial court issue a declaratory judgment that the claims against Mother's estate were covered by the Westfield policy. Westfield asserted that Raven was a resident of Mother's household, and therefore was excluded from coverage.

Father then moved for partial summary judgment on the request for declaratory judgment. He asserted that the policy failed to define "resident," and that it was unclear whether an unborn child would be a resident of Mother's household. Therefore, he claimed, the policy was ambiguous and should be interpreted in Father's favor. In response, Westfield filed a cross-motion for summary judgment. Westfield maintained that the policy was not ambiguous, and that the only reasonable

---

[1] The Administrator Ad Litem of Mother's estate admitted Mother's liability in the accident.

[2] Tennessee law permits the recovery of damages for the wrongful death of a viable fetus. *See* Tenn. Code Ann. §§ 20-5-106(c) and 20-5-113. Mother's physician attested to the viability of the fetus.

interpretation would be that the child resided with the Mother, and therefore was a resident of the same household. The trial judge found that the phrase "resident of the same household" was ambiguous as to how it applied to a viable, unborn child. It construed the phrase in the manner most favorable to the insured, Father, and found coverage under the policy. Consequently, Father's motion for summary judgment was granted and Westfield's cross-motion for summary judgment was denied.

Following a jury trial, Father was awarded a judgment of $100,000 against Mother's estate for the pecuniary value of Raven's life. Father then moved for an award of prejudgment interest. The trial court awarded Father prejudgment interest in the amount of $23,068.80. Including discretionary costs, the amount awarded to Father totaled $128,629. From this order, Westfield and Mother's estate appeal.

On appeal, Westfield asserts that the trial court erred in granting Father's motion for partial summary judgment and in denying its cross-motion for summary judgment. The administrator ad litem of Mother's estate ("Administrator") argues that the trial court erred in awarding Father prejudgment interest.

A motion for summary judgment should be granted when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04. Summary judgment is only appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion. Carvell v. Bottoms, 900 S.W.2d 23, 26 (Tenn. 1995). Since only questions of law are involved, there is no presumption of correctness regarding a trial court's grant of summary judgment. Bain v. Wells, 936 S.W.2d 613, 622 (Tenn. 1997). Therefore, our review of the trial court's grant of summary judgment is de novo on the record before this Court. Warren v. Estate of Kirk, 954 S.W.2d 722, 723 (Tenn. 1997).

In the case at bar, the policy states:

A.      We do not provide liability coverage for any insured:
. . . .
        10.     For bodily injury to anyone related to that insured by blood, marriage
                or adoption who is a resident of the same household.

(Emphasis omitted). In this instance, both Mother and Father are the insureds, so coverage would not be provided for the child, Raven, if she is deemed a "resident of the same household" as Mother and Father. Since Tennessee statutes permit the recovery of wrongful death damages for a viable fetus, the only issue is whether Raven was a resident "of the same household." In the court below, the trial judge found that the insurance policy's language "resident of the same household" was ambiguous and should therefore be construed in Father's favor.

On appeal, Westfield argues that the language of the policy is not ambiguous, and that the unborn fetus would clearly be deemed a resident of the same household as Mother and Father, and

would therefore be excluded from coverage. In support, Westfield cites ***Tennessee Farmers Mutual Insurance Co. v. Jeong***, No. E2001-00246-COA-R3-CV, 2001 Tenn. App. LEXIS 776 (Tenn. Ct. App. Oct. 23, 2001)[3] and a Kentucky case, ***Orange v. State Farm Mutual Automobile Insurance Co.***, 443 S.W.2d 650 (Ky. 1969) (rev'd on other grounds).

In ***Orange***, as in this case, a pregnant woman was involved in an automobile accident. ***Orange***, 443 S.W.2d at 651. As a result of injuries sustained in the accident, the child was stillborn shortly thereafter. The father filed suit against the mother for the wrongful death of the fetus. ***Id.*** at 651. The insurance company under the mother and father's insurance policy then filed a declaratory judgment action to determine whether it would be required to provide coverage if the mother were held liable for the wrongful death of the fetus. ***Id.***

The insurance policy contained an exclusion similar to that contained in the policy in the case at bar. The exclusion provision in ***Orange*** stated that the policy did not apply ". . . to bodily injury to the insured or any member of the family of the insured residing in the same household as the insured. . . ." ***Id.*** The mother and father argued that the viable unborn child was not excluded from coverage by this provision. ***Id.*** The ***Orange*** court first observed that "the clear purpose of the exclusion was to protect the insurer from overfriendly lawsuits, which nearly always would exist where plaintiff and insured defendant are bound by ties of kinship and are living together." ***Id.*** at 651-52 (quoting ***Third Nat'l Bank of Ashland v. State Farm Mut. Auto. Ins. Co.***, 334 S.W.2d 261, 263 (Ky. 1960)). It then noted that, under Kentucky law, there was a cause of action for a tort resulting in injury to a viable fetus. ***Id.*** at 651. The ***Orange*** court stated:

> Once the stage of viability is reached the fetus is regarded as a legal "person" with a separate existence of its own. It is the living child of its mother and father—it has a family and resides wherever its mother resides.

***Id.*** Thus, the unborn child was deemed to reside with its mother. Since there was no ambiguity in the provision in that case, the ***Orange*** court concluded that the unborn child was excluded from coverage and the insurance company was not liable to pay any judgment rendered against the mother for the wrongful death of the child. ***Id.*** at 652.

Here, Father first notes that the insurance application he completed requested the name of all "residents," and that it only lists Father and Mother. Based on this, Father argues that since the unborn child would not be listed as a "resident" on the application, the term cannot mean one thing

---

[3]In ***Jeong***, the mother was temporarily living with her daughter and son-in-law. The mother was injured in an accident. She attempted to sue the daughter and son-in-law's insurance company for her injuries. ***Id.*** at *1. The insurance policy in ***Jeong*** excluded coverage for persons "residing in the same household" as the insureds. ***Id.*** at *5. Based on the exclusion, the insurance company refused to provide coverage for the mother. ***Id.*** at *3. After the mother filed suit, the trial court ruled that the policy's language was ambiguous and found for the mother. The insurance company appealed. The appellate court held that the language in the policy was not ambiguous, but rather was capable of definition. ***Id.*** at *14. Under the facts of that case, the appellate court concluded that the mother did not reside in the same household as the insureds. ***Id.***

in the application and another in the insurance policy. Father also cites cases with facts not similar to those in the case at bar. In these cases, the term "resident" or the phrase "resident of the same household" has been deemed ambiguous, and consequently, has been construed in favor of the insured. *See*, *e.g.*, *Huskey v. Crisp*, 865 S.W.2d 451 (Tenn. 1993); *Alabama Farm Bureau Mut. Cas. Ins. Co. v. Pigott*, 393 So. 2d 1379 (Ala. 1981).

Insurance policies are to be interpreted to "give effect to the intention and express language of the parties." *Tata v. Nichols*, 848 S.W.2d 649, 650 (Tenn. 1993). Like other contracts, insurance policies should be afforded a sensible construction that is consonant with the object and plain intention of the parties. *Dixon v. Gunter*, 636 S.W.2d 437, 441 (Tenn. Ct. App. 1982). When an insurance contract is susceptible to more than one reasonable interpretation, it is considered ambiguous. *Tata*, 848 S.W.2d at 650. In such a case, the language must be construed in favor of the insured. *See, e.g., Allstate Ins. Co. v. Watts*, 811 S.W.2d 883, 886 (Tenn. 1991). Undefined terms should be given their usual, natural, and ordinary meaning. *Allstate Ins. Co. v. Jordan*, 16 S.W.3d 777, 779 (Tenn. Ct. App. 1999). The legal definition of a term, as it applies to a contract, will vary within the context in which it is used. *See Huskey v. Crisp*, 865 S.W.2d 451, 454 (Tenn. 1993).

As noted in the cases cited by Father, the term "resident" and the phrase "resident of the same household" can, in some circumstances, be deemed ambiguous policy provisions. Whether it is ambiguous depends, however, on the facts to which the policy is to be applied. *See Huskey*, 865 S.W.2d at 454. In this case, there is no such ambiguity. As in *Orange v. State Farm*, it is clear that a viable fetus such as Raven "resides wherever its mother resides." *Orange*, 443 S.W.2d 650, 651 (Ky. 1969) (rev'd on other grounds). Therefore, the exclusion provision in the policy would be applicable, and Westfield is not required to provide coverage for bodily injury to Raven. Under these circumstances, we must reverse the trial court's grant of partial summary judgment in favor of Father, and reverse as well the trial court's denial of Westfield's cross-motion for summary judgment.

Although we reverse the trial court's decision regarding Westfield's liability in this suit, the judgment against Mother's estate remains intact. Thus, we must address the issue raised on appeal by the Administrator Ad Litem of Mother's estate. The Administrator argues that the trial court erred in granting Father prejudgment interest on the damages he was awarded. The Administrator asserts that he did not cause a delay in the proceedings, and therefore, should not be penalized. He also objects to prejudgment interest because it would duplicate a portion of Father's award.

Section 47-14-123 of the Tennessee Code Annotated allows for an award of prejudgment interest if such an award was permitted under the statutory and caselaw of Tennessee on April 1, 1979. Tenn. Code Ann. § 47-14-123 (2001). An award of prejudgment interest, however, is not permitted in a personal injury lawsuit such as a wrongful death action. *See McKinley v. Simha*, No. W2001-02647-COA-R3-CV, 2002 Tenn. App. LEXIS 941, at *59-66 (relying on *Louisville & N.R. Co. v. Wallace*, 17 S.W. 882 (Tenn. 1891) ("[Prejudgment interest] is certainly not allowed in such

actions as . . . personal injury by negligence . . . .")).[4]  Thus, the award of prejudgment interest against Mother's estate must be reversed.

The decision of the trial court is reversed.  Costs are taxed to the appellee, John M. Hollis, Individually and as the Surviving Parent of Raven Blair Hollis, for which execution may issue, if necessary.

_____
HOLLY KIRBY LILLARD, JUDGE

---

[4]*But see Spencer v. A-1 Crane Serv., Inc.*, 880 S.W.2d 938, 944 (Tenn. 1994) (upholding a denial of prejudgment interest in a wrongful death lawsuit because no abuse of discretion occurred).