IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 22, 2003 Session

**JUDY CAROLYN LAWSON, NEXT OF KIN AND ADMINISTRATRIX
OF THE ESTATE OF MILDRED T. LAWSON, DECEASED
v. CYNTHIA GALE RINES, ET AL.**

**Appeal from the Circuit Court for Knox County**
**No. 3-41-98      Dale C. Workman, Judge by Interchange**

**FILED DECEMBER 10, 2003**

**No. E2002-02152-COA-R3-CV**

This is a wrongful death action. The Trial Court excluded proof of the deceased's Social Security benefits at trial. Judy Carolyn Lawson ("Plaintiff") made an offer of proof showing only the amount of monthly Social Security benefits received. The jury returned a verdict in Plaintiff's favor, and the Trial Court granted Plaintiff's motion for prejudgment interest. Service Radio Cab Co., Inc. ("Defendant") appeals the award of prejudgment interest. Plaintiff appeals regarding the exclusion of proof of Social Security benefits. We affirm, in part, and reverse, in part.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed, in part; Reversed, in part; Case Remanded.**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, J., and CHARLES D. SUSANO, JR., J., joined.

Christopher D. Heagerty, Knoxville, Tennessee, for the Appellant, Service Radio Cab Co., Inc.

Herbert S. Moncier, Knoxville, Tennessee, for the Appellee, Judy Carolyn Lawson.

## OPINION

### Background

This case arises out of an automobile accident that caused the death of Mildred T. Lawson ("the Deceased"). The Deceased's vehicle was struck by a vehicle owned by Defendant, Service Radio Cab Co., Inc., and driven by Cynthia Gale Rines. Plaintiff, the Deceased's daughter and administratrix of the Deceased's estate, sued both Defendant and Ms. Rines for wrongful death.

At trial, Plaintiff attempted to introduce proof of Social Security benefits that the Deceased was receiving at the time of her death. Defendant provided the Trial Court with this Court's memorandum opinion in *Lyons v. VonBramer* as support for the position that Social Security benefits should not be considered in the calculation of damages in a wrongful death action. The Trial Court excluded the proof of Social Security benefits and Plaintiff made an offer of proof showing the amount of Social Security that the Deceased had been receiving monthly.

After trial, the jury returned a verdict against Defendant in the amount of $110,000. In addition, the Trial Court granted Plaintiff's motion for prejudgment interest in the amount of $57,804.12. Defendant appeals the award of prejudgment interest. Plaintiff raises an issue on appeal regarding the exclusion of proof of the Deceased's Social Security benefits.

### Discussion

Defendant raises two issues on appeal: 1) whether the Trial Court erred in granting prejudgment interest in an action for wrongful death; and 2) whether the Trial Court abused its discretion by making an award of prejudgment interest that was not equitable. Plaintiff raises one additional issue: whether the Trial Court erred by excluding the Deceased's Social Security benefits from the jury's determination of the pecuniary value of her life. We will address each issue in turn as necessary. Since the dispositive issues on appeal involve only the Trial Court's conclusions of law, our review is *de novo* with no presumption of correctness. *S. Constructors, Inc. v. Loudon County Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001).

We begin by considering whether the Trial Court erred in granting prejudgment interest in an action for wrongful death. In essence, this issue hinges upon a determination of whether the Trial Court was authorized to award prejudgment interest in a wrongful death case.

Tennessee Code Annotated § 47-14-123 provides that prejudgment interest may be awarded "as permitted by the statutory and common laws of the state as of April 1, 1979 . . . ." Tenn. Code Ann. § 47-14-123 (2003). Thus, the first question that must be answered is whether prejudgment interest was permitted in Tennessee by statutory or common law in wrongful death cases on April 1, 1979.

This Court has held that prejudgment interest was not allowed in personal injury cases, including wrongful death cases, as of April 1, 1979, and, thus, a trial court is not allowed to award prejudgment interest in such actions. *E.g., Hollis v. Doerflinger*, No. M2002-00222-COA-R3-CV, 2003 Tenn. App. LEXIS 416 (Tenn. Ct. App. June 3, 2003), *appl. perm. appeal pending*; *McKinley v. Simha*, No. W2001-02647-COA-R3-CV, 2002 Tenn. App. LEXIS 941 (Tenn. Ct. App. Dec. 31, 2002), *no appl. perm. appeal filed*. We agree with the reasoning and holding of these opinions concerning prejudgment interest.

Unfortunately, it can be argued that this Court may also have held to the contrary. *Brough v. Adcroft*, No. W2001-00786-COA-R3-CV, 2002 Tenn. App. LEXIS 46 (Tenn. Ct. App. Jan. 17, 2002), *no appl. perm. appeal filed*, (determining in a personal injury action that awards of prejudgment interest are left to the court's discretion and holding that the trial court did not abuse its discretion); *Lawson v. State*, No. 03A01-9806-BC-00185, 1998 Tenn. App. LEXIS 861 (Tenn. Ct. App. Dec. 17, 1998), *no appl. perm. appeal filed*, (holding in wrongful death action that Tenn. Code Ann. § 9-8-307 does not divest a claims commissioner of the authority to award prejudgment interest in cases against the State).

We note, however, that neither the *Brough* Court nor the *Lawson* Court were asked to consider whether an award of prejudgment interest even is allowed in personal injury cases. Instead these cases considered only the issue of whether the trial court abused its discretion and, in the case of *Lawson*, whether Tenn. Code Ann. § 9-8-307 precluded an award of prejudgment interest in cases against the State. Thus, *Brough* and *Lawson* differ from *Hollis* and *McKinley*, which dealt squarely with whether prejudgment interest is allowed in personal injury actions.

We also note that while decisions of the federal courts are not binding upon us, the District Court for the Western District of Tennessee recently held:

> Based upon the Tennessee General Assembly's prohibition of prejudgment interest for personal injury claims as provided in *Tennessee Code Annotated § 47-14-123* and the Sixth Circuit's holding in *Velsicol*, the court is convinced that the Tennessee Supreme Court would hold that a plaintiff cannot recover prejudgment interest in a personal injury or wrongful death case.

*Holliday v. Epperson*, No. 1:02-1030-T, 2003 U.S. Dist. LEXIS 19987, at *9 (W.D. Tenn. Oct. 1, 2003).

To the contrary, however, we acknowledge that in *Spencer v. A-1 Crane Service., Inc.*, our Supreme Court held that the trial court did not abuse its discretion in declining to award prejudgment interest in a wrongful death case. *Spencer v. A-1 Crane Serv., Inc.*, 880 S.W.2d 938, 944 (Tenn. 1994). By implication, it would appear that the *Spencer* Court was stating that prejudgment interest could be allowed in wrongful death actions. However, a careful reading of *Spencer* reveals that the issue squarely before that Court dealt only with whether the trial court

abused its discretion, not whether prejudgment interest even is allowed in wrongful death actions.

Therefore, we hold that the Trial Court erred when it awarded Plaintiff prejudgment interest. However, we respectfully suggest, in light of the status of current case law, that the issue of whether prejudgment interest is allowed in wrongful death cases is one better addressed to our Supreme Court and conclusively resolved by it, if a Rule 11 application is filed.

As we have held that prejudgment interest is not allowed in wrongful death cases, we reverse the Trial Court's award of prejudgment interest. Our determination that the Trial Court was not allowed to award prejudgment interest in this wrongful death case pretermits the necessity of considering Defendant's second issue regarding whether the Trial Court abused its discretion in making the prejudgment interest award.

We next consider Plaintiff's issue regarding whether the Trial Court erred by excluding the Deceased's Social Security benefits from the jury's determination of the pecuniary value of her life. Defendant provided the Trial Court with our memorandum opinion, *Lyons v. VonBramer*, as support for the position that Social Security benefits should not be considered in the calculation of damages. *Lyons v. VonBramer*, No. 03A01-9301-CV-00034, 1993 Tenn. App. LEXIS 340 (Tenn. Ct. App. May 4, 1993), *no appl. perm. appeal filed*. *Lyons* is designated as a Memorandum Opinion and specifically states that under Rule 10 of the Rules of the Court of Appeals:

> The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and *shall not be cited or relied on for any reason in a subsequent unrelated case*.

*Id*. at *1, n.1 (quoting Rule 10 of the Rules of the Court of Appeals of Tennessee) (emphasis added). It was improper for Defendant to provide *Lyons* to the Trial Court. Since it appears that the Trial Court considered *Lyons* in making its decision to exclude Social Security benefits, we will consider whether it is proper to consider Social Security benefits when calculating damages in a wrongful death action.

In *Jordan v. Baptist Three Rivers Hospital*, our Supreme Court discussed damages in a wrongful death action, stating:

> Damages under our wrongful death statute can be delineated into two distinct classifications. The first classification permits recovery for injuries sustained by the deceased from the time of injury to the time of death. Damages under the first classification include medical expenses, physical and mental pain and suffering, funeral expenses, lost wages, and loss of earning capacity.

The second classification of damages permits recovery of incidental damages suffered by the decedent's next of kin. Incidental damages have been judicially defined to *include* the pecuniary value of the decedent's life. Pecuniary value has been judicially defined to include "the expectancy of life, the age, condition of health and strength, capacity for labor and earning money through skill, any art, trade, profession and occupation or business, and personal habits as to sobriety and industry." Pecuniary value also takes into account the decedent's probable living expenses had the decedent lived.

*Jordan v. Baptist Three Rivers Hosp.*, 984 S.W.2d 593, 600 (Tenn. 1999) (citations omitted).

In *Hutton v. City of Savannah*, this Court concluded that the trial court properly considered Social Security benefits when calculating damages in a wrongful death action. *Hutton v. City of Savannah*, 968 S.W.2d 808 (Tenn. Ct. App. 1997). We agree that Social Security benefits may be considered when calculating damages in a wrongful death action if the Social Security benefits are received as a result of the deceased's own "capacity for labor and earning money through skill, any art, trade, profession and occupation or business." *Jordan*, 984 S.W.2d at 600. It is proper to consider benefits that the deceased received as a result of his or her own work and the payments he or she made into the Social Security system based upon that work. However, Social Security benefits received as a result of a spouse's contributions into the system, survivor-type benefits, do not fit into the definition of the decedent's "capacity for labor and earning money through skill, any art, trade, profession and occupation or business" and, thus, it would not be proper to consider these types of benefits when calculating damages in a wrongful death action. *Id.*

Rule 103 of the Tennessee Rules of Evidence provides that:

Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and . . . In case the ruling is one excluding evidence, the substance of the evidence and the specific evidentiary basis supporting the admission were made known to the court by offer or were apparent from the context.

Tenn. R. Evid. 103.

Plaintiff did make an offer of proof showing the monthly amount of Social Security benefits that the Deceased was receiving. However, the record is devoid of proof regarding whether these benefits were received as a result of the Deceased's own "capacity for labor and earning money through skill, any art, trade, profession and occupation or business," or her spouse's. *Id.* If the benefits the Deceased was receiving were survivor-type benefits, then it was proper for the Trial Court to exclude them. If, however, the benefits were received as a result of the Deceased's own "capacity for labor and earning money through skill, any art, trade, profession and occupation or business," then it was error for the Trial Court to exclude such proof. *Id.* As we are unable to tell

-5-

from the offer of proof the *substance of the evidence*, we are constrained to affirm the Trial Court's decision to exclude proof of the Deceased's Social Security benefits.

## **Conclusion**

The judgment of the Trial Court is affirmed, in part, and reversed, in part, and this cause is remanded to the Trial Court for such further proceedings as may be required, if any, consistent with this Opinion and for collection of the costs below. The costs on appeal are assessed equally against the Appellant, Service Radio Cab Co., Inc., and its surety; and Appellee, Judy Carolyn Lawson.

_____
D. MICHAEL SWINEY, JUDGE