IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 26, 2006 Session

## NICOLE FRANCOIS v. LINDA WILLIS

**Appeal from the Circuit Court for Cheatham County**
**No. 5480     Robert Burch, Judge**

---

**No. M2005-01263-COA-R3-CV - Filed on June 6, 2006**

---

This appeal involves a request for prejudgment interest in a personal injury case. After the Circuit Court for Cheatham County entered a $27,787.50 judgment for the prevailing motorist, the motorist filed a post-trial motion seeking prejudgment interest. The trial court denied the motion, and the prevailing motorist appealed. We affirm the trial court because prejudgment interest in not available in personal injury cases.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

WILLIAM C. KOCH, JR., P.J., M.S., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., J., and JERRY SCOTT, SR. J., joined.

Edmund J. Schmidt III and David Randolph Smith, Nashville, Tennessee, for the appellant, Nicole Francois.

Herbert J. Sievers, III, Nashville, Tennessee, for the appellee, Linda Willis.

**OPINION**

**I.**

On December 27, 2002, Nicole Francois and her son were injured when an automobile driven by Linda Willis crashed into their automobile. On July 14, 2003, Ms. Francois filed suit in the Circuit Court for Cheatham County to recover damages for the injuries she and her son sustained. After Ms. Francois rejected Ms. Willis's offer of judgment for $16,900, the case went to trial, and the jury returned a verdict for Ms. Francois and her son. Thereafter the trial court entered a judgment for Ms. Francois and her son for $27,787.50 and denied Ms. Francois's motion requesting prejudgment interest based on Ms. Willis's $16,900 offer of judgment. Ms. Francois has appealed.

The sole issue on this appeal is whether the trial court erred by declining to award Ms. Francois prejudgment interest on the ground that prejudgment interest is not available in personal injury cases. Ms. Francois insists that the trial court's reliance on *Hollis v. Doerflinger*, 137 S.W.3d 625, 630 (Tenn. Ct. App. 2003), is misplaced because in a later case, the Tennessee Supreme Court

upheld the denial of prejudgment interest in a personal injury case using the abuse of discretion standard of review. *Hunter v. Ura*, 163 S.W.3d 686, 706 (Tenn. 2005). Ms. Francois argues that the court's use of the abuse of discretion standard necessarily means that there are circumstances where awarding prejudgment interest in a personal injury case is not an abuse of discretion and that this case is one of those circumstances. We do not attach the same significance to *Hunter v. Ura*.

Discretionary decisions must take the applicable law and the relevant facts into account. *Ballard v. Herzke*, 924 S.W.2d 652, 661 (Tenn. 1996); *Young v. Hartley*, 152 S.W.3d 490, 500 (Tenn. Ct. App. 2004). Appellate courts will conclude that a trial court abused its discretion only when the trial court applies an incorrect legal standard, reaches an illogical decision, bases its decision on a clearly erroneous assessment of the evidence, or employs reasoning that causes an injustice to the complaining party. *Mercer v. Vanderbilt Univ.*, 134 S.W.3d 121, 131 (Tenn. 2004); *Perry v. Perry*, 114 S.W.3d 465, 467 (Tenn. 2003).

One of the legal principles firmly embedded in our jurisprudence is that prejudgment interest is not available in personal injury cases.[1] The Tennessee Supreme Court first recognized this principle in *Louisville & Nashville R.R. v. Wallace*, 91 Tenn. 35, 43, 17 S.W. 882, 884 (1891), and this court has recently reiterated it in no uncertain terms. *Hollis v. Doerflinger*, 137 S.W.3d at 630.[2] Thus, when faced with a motion for prejudgment interest in a personal injury case, the trial court must take this legal principle into account and, therefore, must deny the motion because to do otherwise would be to apply an incorrect legal standard.

We have noted a factual distinction between this case and *Hollis v. Doerflinger* that bears mentioning. In this case, Ms. Willis made a $16,900 offer of judgment in accordance with Tenn. R. Civ. P. 68. No such offer of judgment was made in *Hollis v. Doerflinger*. One could argue that personal injury damages become ascertainable when a defendant makes an offer of judgment. We reject this argument for two reasons. First, it is inconsistent with the plain language of Tenn. R. Civ. P. 68 limiting the rule's application to costs.[3] Second, permitting offers of judgment to trigger prejudgment interest would undermine the utility of Tenn. R. Civ. P. 68. The purpose of the rule is to promote settlements. Tenn. R. Civ. P. 68 Committee Cmt.; 4 NANCY FRAAS MACLEAN ET AL., TENNESSEE PRACTICE: RULES OF CIVIL PROCEDURE ANNOTATED § 63:3, at 451 (3d ed. 2000). Defendants will be deterred from offering to settle a case if their offer exposes them to liability for prejudgment interest.

---

[1] Other jurisdictions have enacted statutes expressly permitting the award of prejudgment interest in personal injury cases. Tenn. Code Ann. § 47-14-123 (2001) does not authorize awarding prejudgment interest in personal injury cases.

[2] While other unreported decisions of this court are more equivocal about the availability of prejudgment interest in personal injury cases, Tenn. S. Ct. R. 4(H)(2) requires us to consider *Hollis v. Doerflinger* as "controlling authority." We also find it significant that the Tennessee Supreme Court directed that *Hollis v. Doerflinger* be published in accordance with Tenn. S. Ct. R. 4(D).

[3] Other jurisdictions have enacted statutes or rules that explicitly allow an offer of judgment to trigger the accrual of prejudgment interest.

**II.**

We affirm the judgment of the trial court and its order denying Ms. Francois's motion for prejudgment interest on the ground that prejudgment interest cannot be awarded in personal injury cases. We remand the case to the trial court for any further proceedings consistent with this opinion that may be required, and we tax the costs of this appeal to Nicole Francois and her surety for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., P.J., M.S.