IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
April 18, 2018 Session

JOHN M. NORTH ET AL. v. WESTGATE RESORTS, LTD., L.P. ET AL.

Appeal from the Chancery Court for Sevier County
No. 15-11-386    Telford E. Forgety, Jr., Chancellor

———————————

No. E2017-01560-COA-R3-CV

———————————

In this appeal, Westgate Resorts, Ltd., L.P., asserts that the trial court erred in awarding plaintiffs John M. North and Vickie C. North $29,716.19 in attorney's fees and expenses. Before trial, the Norths accepted Westgate's offer of judgment pursuant to Tenn. R. Civ. P. 68. It provided that Westgate would pay "an award of reasonable attorney's fees and expenses, in an amount to be set by the [trial] court." The Norths argue that because Westgate agreed to this provision under Rule 68 without specifically reserving the right to appeal, it may not appeal the award of attorney's fees. Westgate argues that the fee amount was unreasonable. We hold that Westgate did not waive its right to appeal the attorney's fee and expense award. We further hold that the trial court did not abuse its discretion in finding the amount awarded to be reasonable. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and JOHN W. MCCLARTY, J., joined.

Gregory C. Logue and Robert L. Vance, Knoxville, Tennessee, for the appellant, Westgate Resorts, Ltd., L.P.

John O. Belcher, Nashville, Tennessee, and Richard T. Wallace, Sevierville, Tennessee, for the appellees, John M. North and Vickie C. North.

**OPINION**

**I.**

The Norths purchased a time-share interest from Westgate on July 19, 2013. On November 30, 2015, they filed their complaint against Westgate and three of its employees,[1] alleging fraud and violations of the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101 *et seq.*, and the Tennessee Time-Share Act, Tenn. Code Ann. § 66-32-101 *et seq.* Settlement negotiations followed.

On February 1, 2016, the Norths offered to settle for rescission of the contract and $60,000 in damages. Westgate rejected this offer. On March 8, 2016, Westgate sent a letter attempting "to obtain information about your clients' actual out-of-pocket expenses, including attorneys' fees, to allow [it] to make an informed counteroffer." The Norths' attorney responded with a letter stating as follows:

> Mr. and Mrs. North inform me that their payments to Westgate, to date, total approximately $11,987.04.
>
> Irrespective of our fee agreement with the clients, if we were filing a fee application today, we would ask the Court to set a reasonable fee based on the customary hourly rate of the attorneys involved multiplied by their time spent in the case. The total fees and expenses that would be requested as of the date of this letter would be ***approximately*** $7,000 +/-.

(Emphasis in original.) On July 8, 2016, Westgate moved for summary judgment.

On August 12, 2016, the Norths offered to settle for rescission of the contract, refund of all monies paid to Westgate, $1,000 "for additional damages and expenses," and "[a] payment of reasonable attorney's fees and expenses for all work by all attorneys in this case, in the total amount of $11,624.64 which is based upon approximately 33 attorney hours." Three days later, Westgate sent a letter advising, in pertinent part, as follows:

> Defendants agree to settle this case for rescission of the sales contract, cancellation of all obligations between the parties, a refund of all funds your clients have paid to Westgate in the

---

[1] The Norths' claims against the three individual employees were dismissed with prejudice by agreement in the final judgment, and they are not involved in this appeal.

amount of $11,704.30 . . . and an additional payment to your clients of $1,000. . . .

My clients cannot agree to pay the amount of attorneys' fees your clients have requested. However, if we can reach an agreement as to the other terms of a settlement, they would consent to submitting the issue of attorneys' fees to the Court for determination.

On August 30, 2016, the Norths filed a forty-page response to Westgate's requests for admissions, interrogatories, and requests for production of documents. The same day, Westgate filed its first offer of judgment, the terms of which were as follows:

Defendants hereby offer to allow judgment to be taken against them for rescission of the Contract for Purchase and Sale between Plaintiffs and Westgate dated July 19, 2013, a refund of all monies paid by Plaintiffs to Westgate in the amount of $11,704.30, which Westgate has previously transmitted to Plaintiffs' counsel, a payment to Plaintiffs of an additional $1,000, a mutual cancellation of all obligations between the parties, payment of costs included in the bill of costs in accordance with Rule 54 of the Tennessee Rules of Civil Procedure, and payment of Plaintiffs' reasonable attorneys' fees in an amount to be set by the Court.

On November 4, 2016, the trial court entered an order denying Westgate's motion for summary judgment. On March 15, 2017, Westgate filed its second offer of judgment, functionally identical in terms except for an additional payment of $10,000 instead of the $1,000 offered in its first offer of judgment. The Norths accepted this offer. Because the parties agreed that Westgate would pay "reasonable attorneys' fees in an amount to be set by the Court," the Norths requested the trial court to award their fees totaling $28,786.40. They supported their request with timekeeping records and affidavits. Westgate argued that the requested amount of fees was unreasonable. The trial court conducted a hearing on the issue of fees. It concluded that the requested fee amount of $28,786.40 was reasonable, and awarded the Norths that amount plus $929.79 in expenses. Westgate timely filed a notice of appeal.

## II.

The issue is whether the trial court abused its discretion in awarding the Norths $28,786.40 in attorney's fees and $929.79 in expenses. The Norths request an award of their attorney's fees expended on appeal.

## III.

We review a trial court's award of attorney's fees under an abuse of discretion standard. *Wright ex rel. Wright v. Wright*, 337 S.W.3d 166, 176 (Tenn. 2011). "We presume that the trial court's discretionary decision is correct, and we consider the evidence in the light most favorable to the decision." *Id.*

## IV.

## A.

The Norths argue that Westgate is precluded from raising its issue on appeal, because the judgment was entered pursuant to the agreed-upon Rule 68 offer of judgment, and Westgate did not explicitly preserve the right to appeal in its offer. They rely on the case of *Jackson v. Purdy Bros. Trucking Co.*, No. E2011-00119-COA-R3-CV, 2011 WL 4824198, at \*3 (Tenn. Ct. App., filed Oct. 12, 2011), wherein we stated:

> Rule 68 of the Tennessee Rules of Civil Procedure provides,
>
> > At any time more than 10 days before the trial begins, a party defending against a claim may serve upon an adverse party an offer to allow judgment to be taken against the defending party for the money or property, or to the effect specified in the offer, with costs then accrued. Likewise a party prosecuting a claim may serve upon the adverse party an offer to allow judgment to be taken against that adverse party for the money or property or to the effect specified in the offer with costs then accrued. If within 10 days after service of the offer the adverse party serves written notice that the offer is accepted, either party may file the offer and notice of acceptance, together with proof of service thereon, with the court and thereupon

-4-

judgment shall be rendered accordingly. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in the proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree shall pay all costs accruing after the making of the offer. The fact that an offer is made but not accepted does not preclude a subsequent offer.

The rule was adopted from the Federal Rules of Civil Procedure. The rule's intended purpose was to "promote settlements." *Francois v. Willis*, 205 S.W.3d 915, 917 (Tenn. Ct. App. 2006).

Rule 68 judgments are akin to consent orders, which are "conclusive upon the consenting parties, and can neither be amended nor in any way varied without like consent; nor can it be reheard, appealed from or reviewed upon writ of error." *Nance v. Pankey*, 880 S.W.2d 944, 946 (Tenn. Ct. App. 1993). However, a party may appeal from a consent order upon a claim of lack of actual consent, fraud in its procurement, mistake, or lack of the court's jurisdiction to enter the judgment. *Swift & Co. v. United States*, 276 U.S. 311, 323–24, 48 S.Ct. 311, 72 L.Ed. 587 (1928). "A judgment by consent is in substance a contract of record made by the parties and approved by the court." 49 C.J.S *Judgments* § 227. The cardinal rule of contract interpretation is that the court "must attempt to ascertain and give effect to the intent of the parties." *Christenberry v. Tipton*, 160 S.W.3d 487, 494 (Tenn. 2005).

(Italics in original omitted.) In *Jackson*, we held that a party could not appeal the trial court's grant of partial summary judgment, where the parties thereafter settled the case under Rule 68, the "terms of the offer and corresponding final order provided a clear resolution of the entirety of the case," and "[n]either the offer of judgment nor the judgment . . . mentioned the grant of partial summary judgment or contained a reservation of the right to appeal." *Id.* at *4.

We agree with *Jackson*'s holding, but find it distinguishable on its facts. In this case, the parties did not agree and settle upon a definite amount of attorney's fees to be

-5-

awarded, but only to submit the issue to the trial court.  In fact, the parties were in clear disagreement about the reasonableness of the requested fee.  Under these circumstances, we do not think Westgate waived its right to appeal the trial court's determination on this issue.  Moreover, this Court addressed the identical issue in ***Rivera v. Westgate Resorts, Ltd., L.P.***, No. E2017-01113-COA-R3-CV, 2018 WL 1989620 (Tenn. Ct. App., filed Apr. 27, 2018).  In ***Rivera***, Westgate appealed an award of attorney's fees following entry of a judgment reflecting the parties' agreement under a Rule 68 offer of judgment.  The plaintiffs in that case made the same argument: that Westgate had waived its right to appeal.  We disagreed, stating as follows:

> In the case at bar, the offer of judgment accepted by the Riveras provided that they would receive an award of "reasonable attorneys' fees and expenses in an amount to be set by the Court."  This language expressly requires the trial court to determine a "reasonable" amount of attorney's fees and expenses to be awarded.  Such determination regarding the reasonableness of the amount awarded would inherently require the court to consider the factors listed in Tennessee Supreme Court Rule 8, RPC 1.5.  *See* ***First Peoples Bank of Tenn. v. Hill***, 340 S.W.3d 398, 410 (Tenn. Ct. App. 2010) (determining that a fee award made pursuant to a contractual provision must be reasonable and must take into consideration the appropriate factors).  Therefore, if the trial court failed to properly consider those factors, thereby potentially setting an unreasonable fee, *Westgate should clearly have the ability to appeal that decision because an unreasonable award would be in violation of the parties' contractual agreement.*

***Id.***, 2018 WL 1989620, at *4 (emphasis added).  As in ***Rivera***, we conclude that Westgate did not waive its right to appeal the reasonableness of the fee award under the circumstances presented.

**B.**

Westgate argues that the trial court should have limited the attorney's fee award to fees from work done by plaintiffs' counsel prior to Westgate's offer of judgment made on August 30, 2016.  Westgate relies upon the Consumer Protection Act, Tenn. Code Ann. § 47-18-109(c)(4), which provides, in pertinent part, as follows:

-6-

> In any private action commenced under this section, the court *may*, upon the introduction of proof that the person against whom the action is filed has made a written, reasonable offer of settlement which has been communicated to the affected party, limit the amount of recovery to the terms of the offer of settlement.

(Emphasis added.) The statute's use of the term "may" is permissive, not mandatory, and provides the trial court considerable discretion in making a decision under section 109(c)(4).

The trial court, in exercising this discretion, reasoned as follows in its oral memorandum opinion, which it incorporated into its final judgment:

> Now, the question is, number one, what's a reasonable offer, is it such an offer as should have been accepted back in August of 2016 so as to cut off any further attorney's fees from accruing. The court has looked at it. I cannot hold that it was or it is and is such an offer as would cut off attorney's fees, among other things.

> \* \* \*

> [A]t that point in time, Westgate was offering to rescind the contract, repay the purchase price and pay $1,000 in additional damages. One thousand dollars. The ultimate settlement – a little later in this case Westgate made a formal offer of judgment where they offered rescission of the contract, . . . repayment of the purchase price, by the way, payment of an additional $10,000, which is, of course, ten times what was offered in August.

> . . . the amount of . . . additional damages that ultimately was offered by Westgate and accepted by the plaintiffs was ten times more than that which was offered in August. That's a matter that the court takes into consideration. I simply cannot conclude that the offer was such in August as to justify the court in concluding that, yes, plaintiffs, you should have accepted that offer then, closed the litigation out, and I'm not

going to give you any attorney's fees from any more attorney's fees from that time forward. I cannot draw that conclusion.

We agree with this analysis. Westgate's first offer included a damage award that was ultimately one-tenth the size of the amount ultimately agreed upon. It is sensible and reasonable to give this fact considerable weight in deciding whether the attorney's fee awarded the Norths was reasonable.

Westgate argues that the trial court erroneously based its decision in part upon a finding that its first offer was insufficiently definite to form the basis of a binding contract. We do not interpret the trial court's memorandum opinion as containing such a finding. The trial court stated as follows on this point:

> The August 15th letter from Westgate, . . . the parties still have issues that they're discussing in their settlement negotiations. Obviously, from the letter, they still have issues that they have not settled.
>
> \*       \*       \*
>
> And the bottom line of it is, . . . in the court's mind, what makes a reasonable offer. First of all, in the court's mind, it's got to be an offer. An offer. And an offer has got to be something that is sufficiently definite to form the basis of a contract or it's not an offer at all. Reasonable or otherwise. You got closer to it. You got closer to it in August but still yet, there were items that were not agreed upon.

Nowhere in the trial court's memorandum opinion or judgment does the court expressly find that Westgate's first offer was too indefinite. As we read it, the thrust of the trial court's above-quoted statement is an observation that the parties got close to reaching a settlement on the first offer, but not entirely there. After that, litigation continued. Both sides spent time and effort on discovery and the motion for summary judgment, which the trial court denied. Westgate made the second offer of judgment roughly six months later in March of 2017. In the meantime, both sides prepared for trial. Although the trial court mentioned the basic contract law principle that an offer must be sufficiently definite to form the basis of a contract, we do not hold that it ruled that Westgate's first offer was

too indefinite in making its determination that the attorney's fee requested was reasonable.

A trial court evaluating the reasonableness of an attorney's fee must consider the factors provided in Tennessee Supreme Court Rule 8, RPC 1.5. *Rivera*, 2018 WL 1989620, at \*4. That rule provides, in pertinent part, as follows:

> (a) A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses. The factors to be considered in determining the reasonableness of a fee include the following:
>
> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
>
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3) the fee customarily charged in the locality for similar legal services;
>
> (4) the amount involved and the results obtained;
>
> (5) the time limitations imposed by the client or by the circumstances;
>
> (6) the nature and length of the professional relationship with the client;
>
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services;
>
> (8) whether the fee is fixed or contingent;
>
> (9) prior advertisements or statements by the lawyer with respect to the fees the lawyer charges; and
>
> (10) whether the fee agreement is in writing.

The trial court analyzed and applied these RPC 1.5 factors. The court found that it was a complex case that required skill on both sides; that the time ultimately expended by the Norths' counsel was reasonable; that the hourly rate of $295 was reasonable; that the results obtained for the Norths were "excellent results"; and that "counsel on the plaintiffs' side and counsel on the defense side [have] excellent experience, reputation and abilities." We hold that the trial court did not abuse its discretion in making these findings.

## C.

The Norths argue that they should be awarded their attorney's fees on appeal. They rely on *Killingsworth v. Ted Russell Ford, Inc.*, 205 S.W.3d 406 (Tenn. 2006) in support of this argument. In *Killingsworth*, the Supreme Court stated that "the TCPA allows an award of attorney's fees to a plaintiff only where the trial court has found that one of the Act's provisions 'has been violated.' " *Id.* at 410. (quoting Tenn. Code Ann. § 47–18–109(e)(1)). Addressing appellate attorney's fees, the Court concluded that "a plaintiff may be awarded reasonable attorney's fees incurred during an appeal on a claim brought under the TCPA where one or more of the TCPA's provisions has been violated." *Id.*

In the present case, however, the trial court's ruling does not contain a finding that Westgate violated the TCPA. The offer of judgment accepted by the Norths and ordered by the trial court provides that "this Offer of Judgment is not admission of liability by Defendants." It makes no specific reference to attorney's fees incurred on appeal. Under these circumstances, we deem it appropriate for each side to bear their own appellate attorney's fees.

## V.

The judgment of the trial court is affirmed. Costs on appeal are assessed to the appellant, Westgate Resorts, Ltd., L.P. The case is remanded for collection of costs assessed below.

_____
CHARLES D. SUSANO, JR., JUDGE